John M. Keane, S.
Although the sum of money involved herein is indeed small, the question involved is of prime importance in the administration of estates. The executor is requesting the sum of $122.55 for services rendered by himself, his wife and two sons, representing activities which are claimed to be in addition to those required of an executor. The special guardian for two infant beneficiaries has objected to this claim.
The only asset in this estate was a parcel of. improved real property which was rented for a while and then eventually sold for $10,000. The sale was made by the executor because two of the persons entitled to a portion of the proceeds were infants. Although the adult beneficiaries could have transferred their share directly, this court is not disposed to reduce the basis for computing the commissions of the executor to the share of the two infant beneficiaries.
The claim for additional services rendered by the executor arises out of maintenance work done in and around the real property before its sale. In addition it was claimed that the executor’s wife and two sons also did some of this work around the property.
The general rule is that no additional allowance in excess of commissions shall be made to an executor for services rendered unless it can be shown that such services are over and above those required of him in his fiduciary capacity. Under our system of computation of commissions, the courts have generally felt that such sum adequately compensates the executor. As stated long ago, in Matter of Popp (123 App. *839 Div. 2, 6 [1907])It is of great importance that the rule be not departed from. Once relaxed, the asking and giving of extra compensation would grow apace and become an intolerable abuse.”
This is particularly appropriate in this estate where the only asset was the small parcel of improved real property. If the work done were that requiring a skilled craftsman, there would be a basis for additional compensation. No proof other than general statements as to nominal maintenance work was submitted to the court. The statute provides for additional commissions when an executor must manage rental property. The executor is entitled to commissions based on those rents (Surrogate’s Ct. Act, § 285, subd. 6).
As to the claim of work done by the wife of the executor and his sons, it is possible that upon proper proof some allowance could be made for their work. It is not fair that others should benefit from services rendered if they were done with a view to compensation. However, the proof submitted is not sufficient to sustain payment even for the services of the wife and sons.
As stated in the beginning, the amount involved is small. However, executors are not allowed commissions merely because they have been named in a will. For his commissions an executor must collect the assets of the estate, pay the bills and distribute the proceeds in accordance with the terms of the will. Where the only asset, as in this case, consisted of a small parcel of improved real property, it would seem that the claim of the executor for additional compensation for doing some routine maintenance tasks connected with the preservation of the property would not be justified.
The objection of the special guardian is sustained and the claim for additional compensation is disallowed.