Evans V. Bbewsteb, S.
In this executors’ accounting the court is requested to allow to the executors commissions on unsold real property and to approve and allow the claim of the corporate executor, in the sum of $7,000 for extraordinary services rendered in administering the estate. The guardian ad litem for infant contingent remaindermen opposes both requests.
Decedent’s will, after leaving certain tangible personal property to his wife, provided that the remainder of his property was to be divided into two parts designated as Part A and Part B. Part A was to set up a fractional marital deduction trust. Part B was to be divided into three equal parts and held in trust for the benefit of decedent’s three children.
The will granted to the executors and trustees broad powers to retain, to sell, to mortgage or to distribute in kind, any property or interest forming part of the estate.
Decedent’s gross estate amounted to approximately $976,000, which included ownership of stock in four corporations engaged in the ownership and management of real property. The value of the decedent’s interest in these corporations was approximately $437,000. The executors have sold the stock of two of the corporations. The securities representing his interests in the remaining corporations have been transferred to the trusts. Also included in the gross estate were several parcels of real property having a value of approximately $272,000. Shortly after letters testamentary issued, one parcel was sold for $117,-000. The balance of the real property has been transferred in fractional shares by the executors to themselves as trustees. *101 It is the value of the real property so transferred upon which the executors are seeking commissions.
The executors contend that as the real property was not sp?. cifi'cally devised, and pursuant to the grant of authority to th? ¡ under the will, they were required to perform executorial duK with respect to the management thereof. In so doing they mad, a determination to distribute the unsold realty in kind to the trustees so that it could be held for its investment value rath sr than to sell it and use the proceeds for funding the trusts.
Petitioners have relied chiefly on one case, in which commissions were allowed on unsold realty (Matter of Tucker, 75 Misc 2d 318). In that case the gross estate was valued at $1,171,000 of which $950,000 represented the value of a parcel of real property. Debts and administration expenses, including taxes exceeded the value of the personal property. It was necessary for the executors to either sell the real property or to “ receive ” the property, and utilize the proceeds of sale or income earned in payment of the estate’s obligations. The executors elected to retain the real property and to eventually transfer said property in fractional shares to the various trusts created under the will, with the principal of each trust being “ proportionately indebted to income for the funds borrowed to meet principal obligations for debts and expenses ” (p. 320). The court, therefore, found (p. 323) that the executors had “ received, distributed or delivered ” real property within the meaning of SOPA 2307 (subd. 2), and that they were entitled to commissions for receiving and paying the property.
In their reliance on the Tucker case, petitioners have stressed two factors which are similar to the instant case, namely, (1) the executors in both cases were granted broad powers in respect to the management of estate assets, and (2) the executors in both cases chose to allow the real property to be utilized in funding the trusts rather than to sell same. However, these factors alone are not controlling. Unlike the Tucker case, there is no showing here that the personal property was insufficient to pay debts and administration expenses. There was no need to utilize ' the income from the unsold realty to pay estate obligations. Further, there is no showing that the executors took an active role in the management of the real property. In fact the account reflects that the executors paid management fees to an agent relating to the same parcels upon the value of which they now seek “ receiving and paying commissions ”.
An executor is not ordinarily entitled to commissions on unsold realty. Title to real property vests by mere operation *102 ;.£ law, and passes directly without any act on the part of the xeeutors (Matter of Salomon, 252 N. Y. 381; Matter of Tenney, A Misc 2d 552; Matter of McCarthy, 145 Misc. 556; Matter of
Mer, 72 N. Y. S. 2d 572). Although a power was conferred n the executors as well as upon the trustees to sell the real property, such power of sale was not exercised as the personal property and the proceeds of sale of other parcels of real property were sufficient for the payment of debts and administration expenses. A power to sell real property, if not exercised, does net entitle the executors to commissions on the- value of the real property, title to which vests without any action whatever on their part. (Matter of Salomon, supra, pp. 383, 384.) Even if the will effects an equitable conversion of the real property an executor would not thereby become entitled to commissions unless it were sold (Matter of Banker, 230 N. Y. 364).
The facts as set forth do not support a determination that the executors have ‘! received, distributed or delivered ’ ’ the unsold real property within the meaning of SCPA 2307 (subd. 2) and their request for commissions on the value of the unsold real property is denied.
The corporate executor’s claim for additional compensation is based on services performed regarding two parcels of real property. One parcel located in Garden City, New York, was owned by a real estate corporation solely owned by the decedent. The other parcel located in The Bronx was owned outright by the decedent. The executor alleges that both buildings were partially vacant and in run-down condition. The corporate executor determined that a real estate specialist was needed to handle the rehabilitation of these two properties and called upon its real estate department to perform the necessary services. It is alleged that new leases were negotiated and repairs and improvement made, all of which resulted in an increase in the value of the properties and increased income being generated. The account reflects that the value of the real estate corporation which owns the Garden City property has increased by approximately $131,000. The executors mil each be realizing commissions on this property in excess of $9,000. The Bronx property has not shown an increase in value. It has been transferred to the trustees to fund the various trusts.
The general rule is that additional compensation in excess of commissions cannot be awarded out of the estate except for services entirely beyond the scope of the duties of the fiduciary’s office (Matter of Schneider, 198 Misc. 1017; Matter of Moschak, 48 Misc 2d 838). Statutory commissions constitute the only *103 compensation that may be paid to a fiduciary for the performance of the duties of his office. If an executor be allowed compensation out of the estate other than that fixed by statute it cannot be for services rendered in his capacity as an executor but only something apart from and entirely outside the duties of his-office (Matter of Popp, 123 App. Div. 2; Matter of Froelick, 122 App. Div. 440, affd. 192 N. Y. 566).
The payment of additional compensation for extra services rendered by an executor or trustees is discouraged by the courts, and the right to such compensation is subjected to strict judicial scrutiny (Matter of Gerbereux, 148 Misc. 461). The court in Matter of Popp (supra, p. 6) stated tc It is of great importance that the rule [as to additional compensation] be not departed from. Once relaxed, the asking and giving of extra compensation would grow apace and become an intolerable abuse.”
The corporate fiduciary has failed to show that the services performed are outside the duties of his office and its claim for additional compensation is denied.
The payments on account of commissions reflected in Schedule “ C ” are approved.