■ In the Matter of the Estate of ROBERT A. WILKINSON, Deceased. WINIFRED C. W. RUSK, Appellant; BANK OF NEW YORK, Respondent.—In a proceeding to judicially settle the account as the fiduciary of the deceased executrix of the estate of Robert A. Wilkinson, the petitioner appeals from (1) an order of the Surrogate's Court, Nassau County (Radigan, S.), dated August 11, 1988, which, *inter alia,* after a hearing, directed the petitioner to file an amended account expanded to include the period from the date of the predecessor fiduciary's death, January 2, 1986 to January 21, 1986, when she released all funds in her possession to the respondent and successor fiduciary and, in the event that the amended account was not so filed, directed that the matter be resubmitted for the designation of a Referee to take and state the amended account; and (2) an intermediate decree of the same court, dated March 17, 1989, which settled the account.

Ordered that the order and the intermediate decree are affirmed, with one bill of costs payable by the appellant.

Despite the petitioner's contention to the contrary, the court properly determined that she must account for the estate assets up until the time that the assets were transferred to the respondent and successor fiduciary. For the purposes of an accounting, the fiduciary of a deceased fiduciary stands in the shoes of the deceased fiduciary and the Surrogate's power is precisely the same as if the letters of the deceased fiduciary had been revoked during his or her lifetime, and the deceased had been called upon to deliver the assets (see, Matter of Clark, 119 NY 427). Therefore, the Surrogate's Court may compel the fiduciary of a deceased fiduciary to continue a pending accounting (see, 29 Carmody-Wait 2d, NY Prac § 166:52, at 265).

Also lacking in merit is the petitioner's contention that the intermediate decree should be vacated on the ground that it is based on a nonexisting accounting. The petitioner was ordered to submit an amended accounting, but she failed to do so. The petitioner may not use her failure to comply with the order as a ground for reversing the intermediate decree. The Surrogate's Court is empowered to state the account and make such a decree as justice requires notwithstanding the failure or refusal of a fiduciary to file an amended account (see, SCPA 2206 [3]).

We have examined the petitioner's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.