In the Matter of the Estate of Ferruccio Passuello, Deceased. Charles D. Hill, as Temporary Administrator of the Estate of Ferruccio Passuello, Deceased, Respondent-Appellant; Adelmo Vescovi, Individually and as Administrator of the Estate of Ferruccio Passuello, Deceased, Appellant-Respondent.

Third Department, December 10, 1992

### APPEARANCES OF COUNSEL

*McKeegan & McKeegan,* Delhi *(Robert J. McKeegan* of counsel), for appellant-respondent.

*Charles D. Hill,* Delhi, respondent-appellant *pro se.*

### OPINION OF THE COURT

MAHONEY, J.

Shortly after decedent's death in 1988, petitioner, an attorney, was appointed temporary administrator of decedent's estate. The estate's major asset was a 240-acre horse farm which contained approximately 40 horses. During his 18-month tenure as temporary administrator, petitioner, in addition to providing certain legal services, arranged for the care and feeding of the horses, secured the house, secured and sold some of the farm equipment, had the horses catalogued and appraised and ultimately arranged for the conducting of an auction whereat an undetermined number of them were sold. The farm itself, however, was not sold during petitioner's tour of duty.

Following respondent's appointment as administrator of the estate, petitioner filed his account. Therein, he requested a total of $24,339.41 in fees, commissions and disbursements; specifically $19,683 in counsel fees ($12,075 for general, non-tax legal fees [120.75 hours at $100 per hour], $1,050 for legal tax work [6 hours at $175 per hour], $3,380 for work done at the farm [52 hours at $65 per hour] and $3,250 for nonparticularized work performed by the staff in his law office [65 hours at $50 per hour]), $3,719.58 in commissions for administration

of the estate's personal property[1] and $936.83 in disbursements. Respondent, who in addition to being appointed administrator was a distributee of the estate, filed an objection to the $19,683 counsel fee request claiming that it was unreasonable.

Surrogate's Court concluded that only the portion of the counsel fee request representing actual legal services, i.e., $13,125 ($12,075 in general legal services and $1,050 in legal tax work) was compensable and that this amount was fair and reasonable. The $3,380 representing work done on the farm was disallowed on the ground that it did not pertain to legal services and the $3,250 for nonparticularized office work was disallowed on the ground that it was routine clerical work which did not fall within the ambit of SCPA 2110 (4). On the subject of commissions, however, Surrogate's Court concluded that petitioner's efforts in managing the farm conferred a significant benefit upon the estate and, while acknowledging that he was not possessed of a power to sell the property, nonetheless found that he "received, administered well and delivered the real property to the administrator, in the sense intended by [SCPA 2307 (2)]", and as such was entitled to a commission thereon in the sum of $7,720.[2] This award was in addition to the $3,719.58 in commissions for administration of the estate's personal property (which included compensation for sale of the horses and the farm equipment) and resulted in petitioner obtaining an over-all award of $25,501.41, $1,162 in excess of that originally requested. Respondent appeals from that portion of the award which sustained $13,125 in legal fees and awarded $7,720 in commissions on the realty. Petitioner cross-appeals from that portion of the order which disallowed his $3,380 compensation request for work done on the farm and $3,250 compensation request for office services.

█ Addressing first the counsel fee issue, it is well established that compensation for legal services is limited to time spent on legal matters. While the term legal matters encom-

---

1. In his account, petitioner did not include the value of the farm in arriving at his commission figure; only the value of the personal property received and paid out was included. Petitioner did ask, however, for Surrogate's Court to consider including the value of the realty in assessing the commissions in view of the degree of time and effort he expended in managing the farm.

2. The amount of the commission was set pursuant to the statutory formula contained in SCPA 2307 (1) and was based upon the property having an estate tax value of $168,000.

passes not only legal services performed by an attorney but includes paralegal services performed under the supervision of an attorney (SCPA 2110 [4]), duties performed by an attorney which are executorial in nature, that is, those that are capable of being performed by a layperson, are not subject to recovery (see, e.g., *Matter of McCranor*, 176 AD2d 1026; *Matter of Phelan*, 173 AD2d 621). Classifying a particular service as being legal in nature does not necessarily mean it is compensable, however. Inasmuch as SCPA 2307 (1) authorizes the payment of only those legal fees that are just and reasonable, the proponent bears the additional burden of proving that the requested amount represents expenditures that were necessary, fair and reasonable (*Matter of McCranor, supra*, at 1027). In arriving at this determination, factors such as time and labor required, the difficulty of the issues involved and the skill required to handle them, the attorney's ability and reputation, the customary fee charged for similar services, the benefit to the client and the results obtained are relevant (see, *Matter of Freeman*, 34 NY2d 1, 9).

While we agree with the conclusion of Surrogate's Court that petitioner's compensation request for work done on the farm and office services were properly disallowed inasmuch as the former simply is not a legal service and the latter does not fit within the ambit of SCPA 2110 (4), based upon a review of the record we believe that the $13,125 award for legal fees must be further reduced. While petitioner submitted 17 pages of time records to support his claim of 120.75 hours of general legal work, we, like respondent, discern that only 45 to 50 hours of recorded time actually reflect the performance of legal work. The remainder of the entries consist, in the main, of a listing of telephone calls to various persons who apparently were involved in some manner with providing goods or services to the farm, the writing of letters on subjects unknown, the conducting of other nonspecific business or time spent visiting the farm. Such vague and generalized descriptions are insufficient to establish that these acts were legal as opposed to executorial in nature. Inasmuch as we believe that $100 per hour is a fair hourly rate for the legal services provided, which consisted of obtaining orders for the payment of expenses, preparing an order to show cause and related papers concerning a claim against the estate, petitioning the court to pay funeral expenses and for permission to sell horses and equipment, preparing miscellaneous agreements to cut hay and other correspondence (see, *Matter of Freeman, supra*),

the legal services award is more properly reduced to $6,050 (50 hours of general legal work at $100 per hour, plus the $1,050 representing legal tax work which is not contested here).

Turning to the award of commissions on the farm as set by Surrogate's Court, it is well established that a fiduciary's right to compensation is governed by statute and is based upon a statutorily set percentage of the amounts received and paid out during the fiduciary's tenure (SCPA 2307). As regards real property, it is generally recognized that commissions are not payable thereon unless it is sold or an equitable conversion thereof is effected during the fiduciary's tenure. This rule is rooted in the belief that because title to realty vests by operation of law in the devisee without the necessity of any action by the fiduciary, the fiduciary neither receives the property nor pays it out (see, Matter of Salomon, 252 NY 381, 383-384; Matter of Moody, 125 AD2d 673; Matter of Schaich, 55 AD2d 914, 915, lv denied 42 NY2d 802; Matter of Tucker, 75 Misc 2d 318). While application of the foregoing principles would appear to foreclose the availability of commissions on this realty inasmuch as it was not sold during petitioner's tenure, petitioner, relying principally upon Matter of Tucker (supra), nonetheless claims entitlement to commissions as a means of compensation for the time and effort he expended in administering the farm.

Even assuming that administration services are recoverable under SCPA 2307 on unsold realty (see, Matter of Saphir, 73 Misc 2d 907, 909; Fifth Report of Temp St Commn on Estates, Legis Doc No. 19, at 164), in our view they are not warranted here. As reflected in petitioner's affidavit, the most laborious and time-consuming services he rendered and those that conferred the greatest benefit to the estate did not involve administering the realty but rather administering personalty, that is, the horses and farm equipment located thereon. The substantial proceeds realized from the sale of these assets (the sale of the horses and farm equipment amounted to approximately 65% of the total personalty received and paid out by petitioner) were included in the $3,714.58 commission awarded petitioner for administration of the estate's personal property. As such, to award compensation for these same acts under the guise of realty administration as well would confer upon petitioner a double benefit.

The remainder of the acts performed by petitioner, i.e., securing the house, maintaining insurance on the premises

and generally keeping watch over it, constitute routine maintenance tasks. While in certain instances the courts have issued separate compensation, above and beyond statutory commissions, for services performed which are outside the fiduciary's official duties *(see generally,* 3 Tarbox, Harris' New York Estates Practice Guide § 33:30, at 477-479 [4th ed]), this rule is applied only in the most unusual of situations and routinely has been denied where the additional services consist of general maintenance of unsold realty *(see, Matter of Phelps,* 79 Misc 2d 99; *Matter of Moschak,* 48 Misc 2d 838).

YESAWICH JR., J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Ordered that the decree is modified, on the facts, without costs, by reversing so much thereof as awarded petitioner $13,125 in legal fees and $7,720 in statutory commissions on realty; petitioner awarded $6,050 in total legal fees representing both tax and nontax legal work; and, as so modified, affirmed.