■ In the Matter of the Estate of MARIE B. BITZER, Deceased. LEONARD ALTSCHUL, Appellant. [617 NYS2d 524] —In a proceeding for the judicial settlement of an account of a decedent's estate, the executor appeals from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, J.), dated March 1, 1993, as awarded the executor's law firm only $25,000 in attorneys' fees and $203.15 in disbursements, which amounts were less than requested.

Ordered that the decree is modified, as a matter of discretion, by deleting the provision thereof awarding $25,000 as attorneys' fees and substituting therefor a provision awarding $70,506.25 as attorneys' fees; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

In this case, the executor's petition for a final judicial accounting of the estate sought, *inter alia,* approval of attorneys' fees in the sum of $109,506.25. The Surrogate awarded $25,000. Although " 'the Surrogate bears the ultimate responsibility to decide what constitutes reasonable legal compensation' " *(Matter of Bobeck,* 196 AD2d 496, 497), we find that the reduction in the fees sought to $25,000 was an improvident exercise of discretion.

In light of the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained *(Matter of Kinzler,* 195 AD2d 464, 465; *Matter of Jones,* 168 AD2d 448, 449; *Matter of Schmitt,* 65 Misc 2d 1021, 1028), we find that a reduction in the attorneys' fees from the requested sum of $109,506.25 to the sum of $70,506.25 would be appropriate.

Upon our review of the record, we find that the requested attorneys' fees should be reduced by the amount expended on accounting services ($22,250) and by an amount for services which were largely routine and executorial in nature ($16,750) *(see, Matter of Passuello,* 184 AD2d 108, 111; *Matter of Jones,* 168 AD2d, at 449, *supra; Matter of Epstein,* 158 AD2d 183, 188; *Matter of Schmitt,* 65 Misc 2d, at 1029, *supra; Matter of Bernheimer,* 61 AD2d 761).

We have considered the executor's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.