■ In the Matter of the Estate of FRANK BELLO, Deceased. LEE A. HOFFMAN, JR., Respondent-Appellant; DELFINA

DIETRICH et al., Appellants-Respondents. [642 NYS2d 953] —In a proceeding to judicially settle the account of an executor, (1) the objectants appeal from a decree of the Surrogate's Court, Rockland County (Weiner, S.), dated October 26, 1994, which, *inter alia,* decreed that (a) the executor's disbursement of $60,000 to the objectants' aunt and uncle was proper, (b) the estate had no equity interest in property located at 11 Grandview Avenue, Ossining, as of September 1991, (c) the executor shall retain $2,910.23 from the funds of the estate as commissions, and (d) the executor shall retain $3,000 from the funds of the estate to pay legal fees, and (2) the executor cross-appeals from so much of the decree as surcharged him $10,000.

Ordered that the decree is modified, on the facts, by adding a provision thereto directing the immediate sale of the property located at 11 Grandview Avenue, Ossining, held in constructive trust for the objectants; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

An executor is charged with employing such diligence and prudence in the care and management of estate assets and affairs as would a prudent person of average discretion and intelligence (*see, Matter of Donner,* 82 NY2d 574, 585; *Matter of Rothko,* 43 NY2d 305, 320; *Matter of Clark,* 257 NY 132, 136). We conclude that the executor herein met these requisite standards of care under difficult circumstances.

The executor effectively assumed responsibility for the care, support, and well-being of two orphaned teenaged sisters, the objectants herein, whose only relatives were an aunt and an uncle who lacked the financial ability to support two additional children. Accordingly, to best provide for the shelter and care of his wards, the executor arranged for the objectants to move in with their aunt and uncle, to whom he then made disbursements in accordance with the intent of the testator, the objectants' grandfather. Under the circumstances presented, we find that the Surrogate properly declined to surcharge the executor for $60,000 of such disbursements, as the record supports the finding that this was an appropriate distribution pursuant to the terms of the will. However, the executor was properly surcharged for $10,000 in additional disbursements for which he provided insufficient documentation (*see,* SCPA 2211 [1]; *Matter of Schnare,* 191 AD2d 859; *Matter of Acker,* 128 AD2d 867).

As conceded by the executor, a constructive trust was appropriately impressed upon the property located at 11 Grandview Avenue in Ossining. This property, nominally owned by

the objectants' aunt and uncle, had been purchased, *inter alia,* with the proceeds of the will. When the objectants' aunt and uncle defaulted on the first mortgage, the executor and his law partner purchased the property at the upset price so as to enable the objectants to continue to reside therein. As the objectants no longer reside there, we modify the decree only to the extent of directing that the property shall be sold forthwith so that the objectants' current equity interest therein, if any, after deduction of relevant costs and expenses, is accounted for and paid without undue delay.

We have reviewed the objectants' remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Friedmann, JJ., concur.