■ In the Matter of the Estate of WILLIAM D. SCOTT, Deceased. BANK OF NEW YORK et al., Appellants; HERBERT COFFEN, Respondent. [651 NYS2d 592] —In a proceeding, *inter alia,* for the judicial settlement of the account of the estate of William D. Scott, the petitioners appeal (1) from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 14, 1995, as (a) sustained Objections Nos. 3 and 4 and provided that the executors of the estate would be held liable for any interest accrued on the estate's original tax obligation from 1987 and (b) sustained Objection No. 7 on the basis that the executors had failed to properly invest the balance of the remaining cash and personalty, susceptible of investment, remaining after subtracting the amount which would have been used to pay the tax liabilities in a reasonably prompt manner, and (2) from an order of the same court, dated December 6, 1995, which, *inter alia,* imposed a surcharge in the sum of $86,187 on the executors, denied them commissions, awarded counsel fees of only $10,000 to the attorneys for the estate, denied the executors' application to sell the estate's real property, and ordered the executors to turn over the real property to the sole beneficiary/objectant.

Ordered that the order dated July 14, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 6, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants.

The record supports the Surrogate's finding that the executors' delay in paying the tax deficiencies was dangerous and imprudent since the interest that accrued in favor of the tax-

ing authorities exceeded that which was earned by the estate. The executors, therefore, did not exercise that degree of care that "prudent [individuals] of discretion and intelligence in such matters [would] employ in their own like affairs" (*Matter of King v Talbot*, 40 NY 76, 86; *see also, Matter of Donner*, 82 NY2d 574, 585; *Matter of Bank of N. Y.*, 35 NY2d 512, 518-519; *Matter of Bello*, 227 AD2d 553; *Bauer v Bauernschmidt*, 187 AD2d 477, 478; *Matter of Newhoff*, 107 AD2d 417, 423-425; *Matter of Hahn*, 93 AD2d 583, 586, *affd* 62 NY2d 821; *Matter of Janes*, 165 Misc 2d 743, 746-747). Accordingly, the Surrogate properly exercised his discretion in denying commissions to the executors and imposing a surcharge on them for losses to the estate (*see, Matter of Donner*, 82 NY2d, *supra*, at 587; *Matter of Greatsinger*, 67 NY2d 177, 181; *Matter of Campbell*, 138 AD2d 827, 829; *Matter of Janes*, 165 Misc 2d 743, 758, *supra*).

We have considered the appellants' remaining contentions and find them to be without merit (*see, Matter of Greatsinger, supra; Matter of Leonard*, 230 AD2d 798; *Matter of Bobeck*, 196 AD2d 496, 497-498; *cf., Matter of Bitzer*, 208 AD2d 723). Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.