■ In the Matter of the Estate of NATHAN J. ANOLIK, Deceased. LAWRENCE KOSS, Respondent; SHEILA ANOLIK, Appellant. [711 NYS2d 184] —In a proceeding to judicially settle the account of an executor, the objectant appeals from a decision of the Surrogate's Court, Rockland County (Weiner, S.), dated February 8, 1999, and a decree of the same court, dated March 9, 1999, which, *inter alia*, dismissed her objections to the account and discharged the petitioner.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the decree is reversed, on the facts, with costs payable by the petitioner personally, the objections are sustained, and the matter is remitted to the Surrogate's Court for a hearing on damages and the entry of an appropriate decree.

The petitioner, the executor of the estate of his deceased brother-in-law (hereinafter the decedent), petitioned for a final accounting in 1997. The objectant is the decedent's widow. Following a hearing, the Surrogate found that the objectant had retained exclusive knowledge and control over the decedent's assets and kept all documents and records pertaining to the estate, and thus dismissed the objections to the final accounting. The court also found that the passage of almost 30 years between the decedent's death in 1968 and the accounting was prejudicial to the petitioner and objections thereto were barred by the doctrine of laches.

In an accounting proceeding, the fiduciary has the burden of proving that he has fully accounted for all the assets of the

estate (*see, Matter of Schnare,* 191 AD2d 859). In his testimony at the accounting, the petitioner failed to show that he had met his burden of care and management of the estate assets (*see, Matter of Rothko,* 43 NY2d 305, 320). Accordingly, the finding of the Surrogate was not supported by the evidence.

The doctrine of laches does not excuse the petitioner's delay in filing a final account as executor of the decedent's estate (*see, Matter of Acker,* 128 AD2d 867, 869). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.