■ In the Matter of the Estate of JEFFREY ROBINSON, Deceased. HELMUT JUST et al., Appellants; THERESA ROBINSON, Respondent. [724 NYS2d 424] —In a proceeding to settle the account of the executors of the estate of Jeffrey Robinson, the executors appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Dutchess County (Pagones, S.), dated November 6, 2000, as disallowed certain expenses claimed by them and surcharged them.

Ordered that the notice of appeal from a decision of the same court, dated October 27, 1999, is deemed to be a premature notice of appeal from the decree (*see,* CPLR 5520 [c]); and it is further,

Ordered that the decree is reversed insofar as appealed from, on the law, without costs or disbursements, the second, third, and fifth decretal paragraphs thereof are deleted, the executors' priority claim for expenses is allowed to the extent of $30,592.30, and is otherwise disallowed, and the matter is remitted to the Surrogate's Court, Dutchess County, for the entry of an appropriate amended decree in accordance herewith.

The decedent died on March 8, 1995, leaving a modest estate worth approximately $120,000. The estate consisted primarily of the decedent's personal residence. In his will, the decedent also listed sundry items of personal property, including such small items as his coffee mugs and checkbook cover, which were bequeathed to specific persons.

"An executor is charged with employing such diligence and prudence in the care and management of estate assets and affairs as would a prudent person of average discretion and intelligence" (*Matter of Bello,* 227 AD2d 553, 554; *see, Matter of Donner,* 82 NY2d 574, 585; *Matter of Rothko,* 43 NY2d 305, 320). In an accounting proceeding, the objectant has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete (*see, Matter of Schnare,* 191 AD2d 859, 860). Upon satisfaction of that burden, the fiduciary has the ultimate burden of proving that the account is accurate and complete (*see, Matter of Schnare, supra; Matter of Anolik,* 274 AD2d 515).

The petitioner met her initial burden of coming forward with respect to the $23,272.84 in mortgage payments which the executor Helmut Just claimed to have made on behalf of the estate. According to the petitioner, only $15,387.01 of those ex-

penses were substantiated. The executor Helmut Just failed to rebut that contention.

The executors' other expenses were disallowed based upon the petitioner's subjective opinion that those expenses were "outrageous." That subjective opinion was insufficient to satisfy the petitioner's burden of coming forward. Mr. Just, testifying on his own behalf, was asked why he did not sell the house earlier. He replied that realtors informed him that the real estate market in the area was depressed because International Business Machines recently had moved out of the area. The executors rented the house, but one of their tenants did not "work out." No evidence was elicited to refute this explanation. It should also be noted that in view of the numerous specific bequests of personal property, the estate was difficult to administer. There is no basis in this record for imposing liability upon the executors for failing to sell the decedent's house earlier (*see, Matter of Pinney,* 250 App Div 60, *affd* 278 NY 507).

With respect to the funeral expenses, the decedent specifically provided in his will that "all the arrangements for my funeral be made" by the executors. At the hearing, the executor Helmut Just noted that the decedent asked for a mahogany casket, which was the most expensive item included in funeral expenses. It cannot be said that the executors acted imprudently in following the decedent's wishes (*see, Matter of Tangerman,* 226 App Div 162).

There is no basis in this record to deny the executors' commissions (*see,* SCPA 2307; *Matter of Farone,* 162 AD2d 828). Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.