■ In the Matter of the Estate of ETHEL LARACY, Deceased. ROBERT I. WILLIAMSON, as Executor of ETHEL LARACY, Deceased, Respondent; ALBANY MEDICAL COLLEGE et al., Respondents. ELIOT SPITZER, as Attorney General of the State of New York, Appellant. [775 NYS2d 392]—

Lahtinen, J. Appeal from that part of an order of the Surrogate's Court of Tompkins County (Sherman, S.), entered March 18, 2003, which denied the Attorney General's motion for partial summary judgment on his first objection to petitioner's account.

In this appeal, the Attorney General urges that, as a matter of law, all fees paid by petitioner, the executor of decedent's

estate, to a financial institution for managing the estate's assets should have been treated as a surcharge against petitioner's commission. Decedent reportedly placed $500,000 in the management of the Tompkins County Trust Company in 1983 and, at the time of her death in 1997, the assets had increased to $2.8 million. Her will contained provisions for, among other things, significant distributions to various charities. Pursuant to a codicil, petitioner, an attorney, was appointed executor. Petitioner states that immediately after his appointment, he consulted with the Trust Company and followed its advice to sell stock and place the assets in money market accounts.

The estate was subject to a claim by decedent's former health care provider for over $2 million and a tax deficiency asserted by the Internal Revenue Service of over $1 million. Petitioner resolved both matters with no payment by the estate. During the years these matters were pending, the Trust Company purportedly managed the estate's assets, charging a quarterly fee of approximately $3,000.

In July 2002, petitioner applied for judicial settlement of his account, including charges to the estate of over $55,000 in fees paid to the Trust Company. The Attorney General, as statutory representative of the charitable beneficiaries, filed verified objections to, among other things, the fees paid to the Trust Company. Petitioner filed a verified response relating that he sought the Trust Company's advice when appointed, that thereafter he continued to consult with the Trust Company and, by following the Trust Company's advice, the estate appreciated by over $500,000. The Attorney General moved for summary judgment on its objection to the bank fees, as well as an objection to an accountant's fee of $8,000. Surrogate's Court found issues of fact requiring a trial as to both objections. The Attorney General appeals as to the bank fees issue.

The provisions of the Prudent Investor Act, enacted in 1994 (see L 1994, ch 609), apply to the management of estates by executors (see EPTL 1-2.13, 11-2.3 [e] [1]). Under the Act, an executor may "delegate investment and management functions" (EPTL 11-2.3 [b] [4] [C]), subject to certain statutory provisions regarding delegation (see EPTL 11-2.3 [c]), and the costs for such delegation are permitted only "to the extent they are appropriate and reasonable" (EPTL 11-2.3 [b] [4] [D]; see EPTL 11-2.3 [c] [1] [D]). Surrogate's Court is vested with jurisdiction to "review the reasonableness of the costs of [such] delegation" by an executor (SCPA 2115 [1]; see Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2115, at 563; see also SCPA 2307 [1]). If Surrogate's Court finds that the

delegation was inappropriate or an expense unreasonable, it may assess the cost for such delegation against the executor's commission (*see Matter of Bitzer*, 208 AD2d 723 [1994]).

Here, at the time that petitioner was appointed executor of decedent's estate, the funds comprising the estate had reportedly been managed effectively by the Trust Company for 14 years. Petitioner averred that he had no experience in managing stocks and, indeed, had relied upon investment advisors with respect to his personal funds. For this reason, he sought the advice of the Trust Company regarding this sizeable estate and the advice rendered proved to be very beneficial to the estate. We are unpersuaded by the Attorney General's argument that, as a matter of law, this was not a reasonable delegation of the management of the estate. Although petitioner states that he later consulted with the Trust Company, the extent of such consultations is not specified nor is there any explanation of the continuing services rendered by the Trust Company. We agree with Surrogate's Court that a trial is necessary to develop the record to enable that court to address whether all or part of the costs for this delegation should be charged to the estate or against the executor's commission.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.