■ In the Matter of MARIANNE C. GOURARY, Appellant, v JOHN P. GOURARY, Respondent. [943 NYS2d 80]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered November 1, 2011, which, after a hearing, sustained the objection of objectant, John Gourary, that the collection of rare books, prints, and related materials (the collection) of decedent Paul Gourary, was part of the residuary estate, rather than items specifically bequested to petitioner (hearing order); and order, same court and Surrogate, entered November 18, 2011, granting, in part, petitioner's motion for leave to reargue a prior order, same court and Surrogate, entered on or about November 1, 2010, and upon reargument: (a) adhered to its prior order which imposed a surcharge on petitioner for penalties and interest assessed against the estate for the late filing of an estate tax return and the concomitant late payment of the estate tax that was due; (b) imposed a surcharge on petitioner for not treating, as an asset of the estate, 50% of the tax refund received in connection with the filing of 2006 joint federal and state tax returns on behalf of herself and decedent; and (c) imposed a six percent interest rate on the above and other surcharges assessed against petitioner, unanimously affirmed, without costs.

The court properly found that ARTICLE SECOND of decedent's will, which left to petitioner, in addition to two-thirds of his residuary estate, "[a]ll household furniture and furnishings, books, pictures, jewelry and other articles of personal or household use including automobiles," did not unambiguously

include decedent's multimillion dollar collection of rare books, prints, manuscripts, pamphlets, scrolls, broadsides, engravings, and etchings, rather than including such collection in the residuary estate. The court concluded that it was not the intent of decedent to include this collection in the terms of "books" and "pictures," included with other items of household and personal use. We find no reason to disturb that determination (*see generally Matter of Kosek*, 31 NY2d 475, 483-484 [1973]; *Matter of Thompson*, 218 App Div 130 [1926], *affd* 245 NY 565 [1927]).

The court correctly surcharged petitioner for improperly keeping the entire tax refund emanating from the couple's joint tax return. The fact that decedent's separate account, from which the underlying joint tax payment was made, may have been "treated" by petitioner and decedent as a joint account, would, at most, entitle petitioner to half of the refund. Contrary to petitioner's contention, section 675 of the Banking Law only applies when the account is denominated as a joint account (*see Viola v Viola*, 71 AD3d 1129, 1130 [2010]). Furthermore, petitioner included this separate account as an estate asset in the judicial accounting she filed, and in the estate tax return. Accordingly, the court rightly rejected petitioner's argument that she was entitled to the entire refund, and held that she was entitled to only half of the refund, with the remainder going to the estate. Thus, the court properly imposed a 50% surcharge.

The court correctly held that the duty of an estate fiduciary to file timely returns and pay any tax due is not excused by asserting that the late filing was caused by the fiduciary's reliance on a professional hired to do the work (*see United States v Boyle*, 469 US 241, 250 [1985]). "Congress has charged the executor with an unambiguous, precisely defined duty to file the return [timely] . . . That the [professional], as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute" (*id.*). Accordingly, petitioner was properly surcharged for the penalties associated with the untimely filing and payment of the estate taxes.

The court did not improvidently exercise its discretion by imposing a six percent interest rate on the surcharges. In an equitable action, "[w]hether interest is awarded, and at what rate, is a matter within the discretion of the trial court" (*Matter of Janes*, 90 NY2d 41, 55 [1997]; CPLR 5001 [a]). In reducing the rate from nine percent to six percent, the court providently exercised its discretion by explicitly acknowledging that (as petitioner urges), "generally interest is awarded to compensate

beneficiaries for any losses they may have suffered, and it should not be imposed to punish an accounting fiduciary for past misconduct or negligence." Contrary to petitioner's assertion, the statutory nine percent rate would have been "presumptively fair and reasonable," irrespective of the lower interest rate in the current market (*see Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 81 [1997]; *see also Baines v City of New York*, 269 AD2d 309, 310 [2000], *lv denied* 95 NY2d 757 [2000]). Concur—Andrias J.P., Saxe, Catterson, Renwick and Román, JJ.