*867 The petitioner, Mike Carbone, was named in the decedent’s will as executor of the decedent’s estate. After the decedent died, his primary beneficiaries, his daughters Debra Betz and Christina Carbone-Lopez, sought an accounting from Carbone. Carbone failed to provide an accounting until after he was held in contempt by the Surrogate’s Court. When Carbone finally filed an intermediate account of the estate, along with a petition to judicially settle the account, Betz and Carbone-Lopez filed objections to the account, asserting that it was incomplete and inaccurate. The court agreed, and directed Carbone to file an amended account.
Carbone filed an addendum to his account, but Betz and Carbone-Lopez again filed objections, asserting that the *868 amended account remained incomplete and inaccurate, and Betz additionally filed supplemental objections to the amended account. Betz moved, inter alia, for summary judgment granting her objections, contending, among other things, that Carbone had mismanaged the estate and engaged in self-dealing in breach of his fiduciary duty. The Surrogate’s Court, in two orders, inter alia, granted certain branches of Betz’s motion and imposed surcharges and interest upon Carbone for various undocumented administration expenses and for assets omitted from his account. Carbone moved for leave to renew or reargue his opposition to Betz’s motion, and the court denied his motion.
Surrogate’s Court Procedure Act § 2211 grants the Surrogate’s Court broad authority to “take the account, hear the proofs of the parties respecting it and make such order or decree as justice shall require” (SCPA 2211 [1]; see Matter of Gourary v Gourary, 94 AD3d 672, 673 [2012]; Matter of Rockefeller, 44 AD3d 1170, 1172 [2007]; Matter of Acker, 128 AD2d 867 [1987]; see also Matter of Stortecky v Mazzone, 85 NY2d 518, 526 [1995] ). “The Surrogate’s Court is empowered to state the account and make such a decree as justice requires notwithstanding the failure or refusal of a fiduciary to file an amended account” (Matter of Wilkinson, 152 AD2d 585, 586 [1989]). Moreover, because the Surrogate’s Court “is governed by principles of equity as well as of law, [it] is not prevented by any legal restriction from doing exact justice to any of the parties” (Matter of Schummers, 210 App Div 296, 300 [1924], affd 243 NY 548 [1926]).
A fiduciary acting on behalf of an estate is required to employ such diligence and prudence to the care and management of the estate assets and affairs as would prudent persons of discretion and intelligence (see King v Talbot, 40 NY 76, 85-86 [1869]), accented by “ ‘[n]ot honesty alone, but the punctilio of an honor the most sensitive’ ” (Matter of Rothko, 43 NY2d 305, 320 [1977], quoting Meinhard v Salmon, 249 NY 458, 464 [1928]; see Matter of Skelly, 284 AD2d 336 [2001]; Matter of Robinson, 282 AD2d 607 [2001]; Matter of Scott, 234 AD2d 551, 552 [1996] ). Where the beneficiary of an estate has demanded an accounting, “ ‘the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate, and this evidentiary burden does not change in the event the account is contested. While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a *869 fair preponderance of the evidence, that his or her account is accurate and complete’ ” (Matter of Tract, 284 AD2d 543, 543 [2001], quoting Matter of Schnare, 191 AD2d 859, 860 [1993] [citations omitted]; see Matter of Rubin, 30 AD3d 668, 669 [2006]; Matter of Curtis, 16 AD3d 725, 726-727 [2005]; Matter of Robinson, 282 AD2d at 607; Matter of Anolik, 274 AD2d 515, 515-516 [2000]; see also Matter of Mink, 91 AD3d 1061, 1063-1064 [2012]). Where the objectant satisfies the prima facie burden and the fiduciary fails to rebut it, the Surrogate’s Court may impose surcharges and, where appropriate, may also impose interest charges (see Matter of Gourary v Gourary, 94 AD3d at 673; see Matter of Mink, 91 AD3d at 1064; Matter of Witherill, 37 AD3d 879, 880-881 [2007]; Matter of Scott, 234 AD2d at 552; Matter of Acker, 128 AD2d at 868; Matter of Etoll, 101 AD2d 935, 936 [1984]).
Here, Betz satisfied her prima facie burden of demonstrating that Carbone’s account was inaccurate or incomplete, and Carbone failed to rebut that showing. Moreover, because the legitimacy of most, if not all, of Betz’s objections was apparent from a plain reading of the account, no factual issues were presented which would necessitate the conducting of a hearing (see Matter of Schnare, 191 AD2d at 860-861). In any event, £i[a]s the [executor] of decedent’s estate, it was incumbent upon petitioner to maintain ‘clear and accurate records,’ absent which ‘all presumptions . . . and all doubts are to be resolved adversely to [him]’ ” (Matter of Mink, 91 AD3d at 1063-1064, quoting Matter of Camareta, 63 AD2d 837, 837 [1978]). Similarly, the record contains ample proof to support the Surrogate Court’s determination that Carbone wasted the estate’s assets, improperly omitted assets from his account, and engaged in impermissible self-dealing (see e.g. Greene v Greene, 92 AD3d 838, 839 [2012]; Ross v Ross Metals Corp., 87 AD3d 573, 575 [2011]; Matter of Passuello, 184 AD2d 108, 112-113 [1992]; Matter of Etoll, 101 AD2d at 936; Matter of Moschak, 48 Misc 2d 838, 838-839 [1966]). Since Carbone failed to raise a triable issue of fact in opposition to Betz’s summary judgment motion, the Surrogate’s Court properly granted the subject branches of Betz’s motion.
Since Carbone failed to proffer a reasonable explanation for failing to submit his additional evidence in opposition to Betz’s moving papers, the Surrogate’s Court providently exercised its discretion in denying that branch of his motion which was for leave to renew his opposition to Betz’s summary judgment motion (see CPLR 2221 [e] [2]; Matter of Nelson v Allstate Ins. Co., 73 AD3d 929 [2010]; Coccia v Liotti, 70 AD3d 747, 753 [2010]; *870 Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2010]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391 [2008]; Renna v Güilo, 19 AD3d 472, 473 [2005]).
Carbone’s remaining contentions are without merit. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.