■ In the Matter of SHYDASHA J.S. THOMAS SCIACCA, Appellant; SHAWN SMITH, Respondent. (Proceeding No. 1.) In the Matter of MALIK S.S. THOMAS SCIACCA, Appellant; SHAWN SMITH, Respondent. (Proceeding No. 2.) [986 NYS2d 595]—

In related guardianship proceedings pursuant to Surrogate's Court Procedure Act article 17, the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated January 17, 2013, as denied his petitions for an award of compensation for legal services rendered in connection with his duties as guardian of the property of the subject infants.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In December 2006, Shanique McMillion Smith was appointed guardian of the property of Shydasha J.S. and Malik S.S. (hereinafter together the wards). In March 2012, the Surrogate's Court considered whether Smith breached her fiduciary duties and whether the letters of guardianship issued to her should be revoked. In considering this matter, the Surrogate's Court ap-

pointed the petitioner, Thomas Sciacca, as the guardian ad litem for the wards. After the Surrogate's Court determined that Smith's letters of guardianship should be revoked, it directed Sciacca to petition the Surrogate's Court for the appointment of a proper person as successor guardian of the wards' property. Sciacca, in response, petitioned to have himself appointed as successor guardian of the wards' property. These petitions were granted.

After visiting the home in which the wards were living, Sciacca petitioned to withdraw certain funds from the wards' accounts to pay for their basic needs. He also petitioned the Surrogate's Court to award him compensation for 16.1 hours of legal services that he allegedly rendered as guardian ad litem and for 5.5 hours of legal services that he allegedly rendered as guardian of the wards' property. He stressed that he was only requesting compensation for legal services that he actually rendered in his capacity as guardian of the property, and insisted that he was not billing for the nonlegal services that he provided in that role.

The Surrogate's Court awarded Sciacca the sum of $3,220 as compensation for services rendered as guardian ad litem. However, relying upon *Matter of Jonathan EE. (Barreiro—Alan EE.)* (86 AD3d 696 [2011]), the Surrogate's Court concluded that it did not have the authority to grant Sciacca's request for compensation for legal services that he rendered in his capacity as guardian of the wards' property. As such, that branch of Sciacca's petition was denied. Sciacca appeals. While we affirm the order insofar as appealed from, we do so on grounds other than those relied upon by the Surrogate's Court.

Contrary to the Surrogate's Court's conclusion, it does indeed have the authority to provide for the compensation of a guardian appointed under article 17 of the Surrogate's Court Procedure Act, as well as the authority to award such a guardian additional compensation if that guardian is an attorney and has rendered legal services in connection with his or her official duties. Indeed, while SCPA article 17 itself contains no provision specifically setting forth the compensation available to a guardian, "[i]t is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other" (*People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]; *see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 91, 97, 98; *People v Finley*, 10 NY3d 647 [2008]; *Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]; *Matter of Kittredge v Planning Bd. of Town of Liberty*,

57 AD3d 1336, 1339 [2008]). In this regard, SCPA article 17 must be considered together and with reference to SCPA article 23, which provides for "Costs, Allowances and Commissions."

Pursuant to SCPA 2307 (1), a guardian of the property, like any other "fiduciary" (SCPA 103 [21]), is entitled to a commission for receiving and paying out sums of money. Moreover, as relevant here, SCPA 2307 (1) also authorizes the Surrogate's Court to award "just and reasonable" compensation to any fiduciary other than a trustee if that fiduciary is an "attorney of this state" and has "rendered legal services in connection with his [or her] official duties" (SCPA 2307 [1]). Such compensation is to be "in addition" to the statutory commission (*id.*). Thus, the Surrogate's Court, in general, had the authority to award Sciacca a statutory commission as compensation for his services as guardian of the wards' property and, because he is a fiduciary who is also an attorney, the Surrogate's Court also had the authority to award him "just and reasonable" compensation for any "legal services" that he rendered in connection with his official duties. As such, the Surrogate's Court erred in concluding that it could not entertain that branch of Sciacca's petition which was for an award of compensation for legal services rendered. To the extent that the Appellate Division, Third Department, holds differently (*see Matter of Jonathan EE. [Barreiro—Alan EE.]*, 86 AD3d 696 [2011] [considering the extent of compensation available to guardians appointed pursuant to SCPA article 17-A]), we disagree and decline to follow that holding.

However, under the circumstances presented here, and considering the fee application that Sciacca submitted, Sciacca's request for compensation for legal services rendered in connection with his duties as guardian of the wards' property should have been denied on the merits. Generally speaking, compensation for legal services is limited to time spent on legal matters (*see Matter of Passuello*, 184 AD2d 108, 110-111 [1992]). "Classifying a particular service as being legal in nature does not necessarily mean it is compensable" (*id.* at 111). Moreover, legal fees should not be awarded to an attorney-guardian when the services performed are the type customarily performed by a guardian (*see Matter of Helen C. [Patricia F.]*, 2 AD3d 729 [2003]; *Matter of Arnold O.*, 256 AD2d 764, 765 [1998]; *Matter of Passuello*, 184 AD2d at 110-111; *Matter of Bomba*, 2001 NY Slip Op 40311[U] [Sup Ct, Queens County 2001]; *Matter of Soledad P.*, NYLJ, May 9, 2011 at 27 [Sup Ct, Bronx County, decided Apr. 28, 2011]).

Here, Sciacca, in his request for an award of an attorney's

fee, submitted an itemized list of "legal services" that included, among other things, communications with an insurance company regarding the reissuance of certain annuity payments due to the wards, inquiries about withdrawal applications, amendments to a petition to withdraw funds, and appearances on behalf of the wards with regard to a petition to withdraw funds. While there might be circumstances where it would be appropriate to employ an attorney, in which an award of an attorney's fee would be proper (*see generally Matter of Bomba*, 2001 NY Slip Op 40311[U]), all of the work that Sciacca identified as "legal services" actually constituted the normal and customary duties of a guardian of property, which is compensated through the ordinary award of a commission (*see* SCPA 2307 [1]; *Matter of Arnold O.*, 256 AD2d at 765; *Matter of Bomba*, 2001 NY Slip Op 40311[U]; *Matter of Soledad P.*, NYLJ, May 9, 2011 at 27). This is clearly an instance where it would be unnecessary for the guardian to employ an attorney, and the fact that Sciacca is an attorney does not mean that he should be compensated twice for the same work (*see Matter of Bomba*, 2001 NY Slip Op 40311[U]). Accordingly, to the extent that Sciacca sought compensation for such work instead of, or in addition to, the commissions available to him as guardian of the property (SCPA 2307 [1]), the Surrogate's Court should have denied that request on the merits. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.