Matter of Elaine Langer Trust (2020 NY Slip Op 00590)





Matter of Elaine Langer Trust


2020 NY Slip Op 00590


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-02432

[*1]In the Matter of Elaine Langer Trust. Theodore F. Langer, appellant; Thomas M. Langer, respondent. (File No. 13-284)


Andrew D. Brodnick, Rye Brook, NY, for appellant.
Thomas M. Langer, Jackson, New Jersey, respondent pro se.



DECISION & ORDER
In a proceeding to settle the final account of the petitioner, Theodore F. Langer, as successor trustee of the Elaine Langer Trust, the petitioner appeals from a decree of the Surrogate's Court, Rockland County (Thomas E. Walsh II, S.), dated December 28, 2016. The decree, insofar as appealed from, upon a decision of the same court dated September 8, 2016, made upon the petitioner's failure to appear for trial and after a contested inquest on the issue of damages, judicially settled the account disallowing certain expenses and alleged contributions claimed by him, and surcharged him in an equivalent amount.
ORDERED that the appeal from the decree is dismissed, except insofar as it brings up for review the award of damages on the contested inquest; and it is further,
ORDERED that the decree is affirmed insofar as reviewed; and it further,
ORDERED that one bill of costs is awarded to the respondent, payable personally by the petitioner.
The decedent Elaine Langer, who died in August 2008, was survived by three sons, Theodore F. Langer (hereinafter the petitioner), Thomas M. Langer, and Todd Langer. During her lifetime, the decedent created the Elaine Langer Trust (hereinafter the trust), the primary asset of which was a condominium unit located in Congers. Upon the decedent's death, and pursuant to the trust agreement, the petitioner became trustee of the trust. In or about June 2009, the petitioner moved into the condominium, where he resided for seven years without payment of rent.
On or about September 24, 2013, in response to a petition filed by Thomas M. Langer to compel an accounting, the petitioner filed a petition to settle his final account. Thomas M. Langer filed an answer and objections, while Todd Langer executed a receipt, release, and refunding agreement. Trial was set for November 18, 2015. As a result of the petitioner's failure to appear for trial, the Surrogate's Court found him in default and directed an inquest on submissions for the purpose of ascertaining damages. After a contested inquest, in a decision dated September 8, 2016, the court, inter alia, disallowed certain expenses and reimbursement of personal contributions claimed by the petitioner, sustaining, in part, the objections of Thomas M. Langer. In a decree dated December 28, 2016, upon the decision, the court judicially settled the account and surcharged the [*2]petitioner $191,568.60 with interest thereon. The petitioner appeals.
While no appeal lies from a judgment or a decree entered upon the default of the appealing party (see CPLR 5511), an appeal "from a final determination based in part on a default, [brings up for] review . . . the proceedings on a contested inquest" (James v Powell, 19 NY2d 249, 256 n 3; cf. Katz v Katz, 68 AD2d 536, 541).
"In a proceeding to settle a fiduciary's account, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate, and this evidentiary burden does not change in the event the account is contested. While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (Matter of Doman, 110 AD3d 1073, 1074 [internal quotation marks omitted]; see Matter of Robinson, 282 AD2d 607, 607).
Here, in light of the petitioner's default, the Surrogate's Court properly applied those standards. The court properly disregarded the petitioner's efforts to contest the validity of the objections made by Thomas M. Langer (see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880; Rokina Opt. Co. v Camera King, 63 NY2d 728, 731; Golden v Romanowski, 128 AD3d 1009, 1010). The petitioner's default, however, was not determinative on the issue of damages. The record demonstrates that the court's assessment of the expenses and contributions that the petitioner claimed, which the court ultimately disallowed, and the resulting surcharges it imposed were based on evidence submitted by Thomas M. Langer. The petitioner, who was allowed to participate in the inquest, failed to rebut that evidence. Accordingly, we affirm the decree insofar as reviewed.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court