## (February 25, 1969)

■ ALBERT S. MITCHINER, Appellant, v. BOWERY SAVINGS BANK et al., Respondents.— Order entered October 8, 1968, denying plaintiff's motion for summary judgment is reversed on the law, without costs or disbursements, and summary judgment is granted to plaintiff for $9,687.85, the amount of the balance in the subject savings account with defendant Bowery Savings Bank, plus accrued interest, without costs or disbursements. The submitted uncontradicted proof shows that the account was opened by plaintiff's brother in 1934, and transferred in 1942 to a joint account with plaintiff, payable to either or the survivor; further, that plaintiff's brother and defendant Clarice Mitchiner were married in 1960, and that the subject account remained in the survivorship form until the brother's death in 1966; finally, that, upon her husband's death, defendant widow, holder of the passbook, attempted unsuccessfully to procure payment from defendant Bank. The action is against defendant widow to turn over the passbook, and against defendant Bank for the money. The Bank has taken the position of stakeholder, while defendant widow contends that the account was joint in form only, so established for her late husband's convenience. Defendant widow opposed plaintiff's prior motion to strike her answer on the ground that the facts and circumstances surrounding establishment and continuance of the account were all within plaintiff's exclusive knowledge. Special Term denied the motion on this basis, with leave to renew upon completion of examination of plaintiff. That examination was held and the motion was renewed and denied, Special Term holding: " This claim [the account was held jointly for mere convenience of defendant's husband] is substantiated by plaintiff's complete inability upon examination to reconstruct any of the deposits in the account as being owned or made by him personally. Under these facts and surrounding circumstances, a sharp triable issue of fact exists whether the account was jointly held for convenience of decedent, or was the joint property of the plaintiff." Such holding is apparently based upon the fact that, as revealed in his examination, plaintiff had never personally added to the subject account. But it is clear that, where a decedent furnishes all the money in such an account, that circumstance is not inconsistent with joint tenancy (*Matter of Rothman,* 143 N. Y. S. 2d 294; *Matter of Rushak,* 28 A D 2d 807). The situation found is controlled by subdivision (b) of section 675, Banking Law, which, in the absence of fraud or undue influence, effectively sets up a presumption of title to the account in the survivor, with the burden of proof in refutation on a challenger of such title. Defendant widow's bare allegation, unsupported by anything else found in the record, that the account was joint in form only for her late husband's convenience, does not meet this burden, nor is there a hint of fraud or undue influence. Which leaves only defendant widow's point that " 'summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might well be disclosed by cross-examination or examination before trial'". (*Terranova* v. *Emil,* 20 N Y 2d 493, 497, and cases there cited.) Here, again nothing is found but a bare allegation, that of lack of knowledge on the widow's part, and this is patently not so because, as the result of the examination of plaintiff, she now knows all that he knows. There is no issue of fact, and, by force of section 675 of the Banking Law, plaintiff is entitled to summary judgment. Concur — Stevens, P. J., Eager, Markewich, Nunez and Steuer, JJ.