■ In the Matter of the Estate of RICHARD N. CODDINGTON, Deceased. Estate of AMELIA CODDINGTON, Respondent; MARGARET A. CODDINGTON, as Administratrix of the Estate of RICHARD N. CODDINGTON, Deceased, Appellant.—Appeal from an order of the Surrogate's Court of Ulster County, entered December 10, 1975, which, inter alia, adjudged the decedent's mother to have been a joint tenant with the decedent as to a certain bank account. For some time prior to his death on September 4, 1972, decedent Richard and his wife Margaret had experienced matrimonial difficulties and immediately prior to his death were negotiating a separation agreement and awaiting impending judicial termination of their marriage. Apparently in contemplation of obtaining a separation agreement, Margaret Coddington had recently deeded her interest in the family home to her husband. At the time of Richard's death, there was a savings account in the National Bank

of Orange and Ulster Counties (now the Highland Bank of Newburgh) in the name of Richard Coddington or Amelia Coddington, his mother. The account had been opened in 1954 and remained in its original form, even though Richard married in April of 1962. Richard's mother and wife both petitioned for letters of administration. The appellant wife was named administratrix and was ordered by the Surrogate to file the previously mentioned deed which had come into her possession after her husband's death. The present proceeding was commenced by decedent's mother and her attorney. The latter sought an order fixing an allowance for his services to the estate and the former sought, *inter alia,* to compel the administratrix to obtain tax waivers so as to enable her to withdraw the funds from the account in the Highland Bank of Newburgh. Shortly after the proceeding was commenced the decedent's mother died. Appellant cross-petitioned, seeking an adjudication of the rights of the respective estates as to the bank account and a hearing was conducted. The Surrogate granted the petition and ordered that the attorney's fees and expenses be paid; that the necessary tax waivers be obtained and that the bank release the funds to John Coddington, administrator of the estate of Richard's mother; that appellant reimburse the mother's estate for Richard's funeral expenses which had been paid from the account and that she reimburse John Coddington for the cost of a monument. Though appellant appeals from all parts of the order, her brief addresses only the issues relating to the bank account concerning which she contends: that the statutory presumption of joint tenancy (Banking Law, § 675, subd [b]) does not arise because the form of the deposit did not create a joint account and that, even if there were such a presumption, the evidence presented at trial was sufficient to overcome it. As to the first contention, we cannot agree. Appellant urges that the absence of the words "payable to either or the survivor" on the passbook and some of the ledger cards prevents the operation of the presumption because no joint tenancy was created. While appellant is correct in maintaining that a joint tenancy cannot be created without words of survivorship *(Lombardi v First Nat. Bank of Hancock,* 23 AD2d 713), what is controlling is the form in which the initial deposit was *made (Matter of Fenelon,* 262 NY 308). In the case at bar, the signature card contained the agreement of the bank and the depositor and provided as follows: "Joint Account—Payable to Either or Survivor We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor." The deposit was clearly in the statutory form and the prima facie presumption of subdivision (b) of section 675 of the Banking Law applies. Addressing our attention to the second assertion of the appellant, namely, that the facts adduced at trial were sufficient to overcome the presumption, we must again disagree. The heavy burden of rebutting the presumption rests upon the challenger *(Mitchiner v Bowery Sav. Bank,* 31 AD2d 803) and for the appellant to prevail there must be direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only *(Matter of Murphy,* 23 AD2d 866; see, generally, Richardson, Evidence [10th ed], § 58). We find no such proof here. It is true that the appellant was able to demonstrate that Richard Coddington had, in fact, at one time withdrawn most of the money in the account. It is true, too, that withdrawal by one depositor of the whole fund or more than his moiety is some evidence that no true joint tenancy was

intended *(Matter of Filfiley,* 63 Misc 2d 824, 827, affd 43 AD2d 981). However, such action, standing alone, is insufficient to overcome the presumption. The remaining evidence, viewed in its entirety, lent little or no support toward the rebuttal of the presumption and certainly did not rise to the level of clear and convincing proof necessary to overcome the prima facie presumption contained in subdivision (b) of section 675 of the Banking Law. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.