■ In the Matter of the Estate of GEORGE JOHNSON, Deceased. KEVIN F. MCCANE, as Executor of GEORGE JOHNSON, Deceased, Respondent; MONA JOHNSON, Appellant. [777 NYS2d 212]—

Mugglin, J. Appeal from a decree of the Surrogate's Court of Albany County (Doyle, S.), entered May 15, 2003, which granted petitioner's application, in a proceeding pursuant to SCPA 2103, to direct respondent to turn over to the estate the proceeds of a certain bank account.

On November 15, 2000, petitioner, an attorney, delivered a check to George Johnson (hereinafter decedent) for $256,244.21 which represented the proceeds of a partial settlement of an asbestos exposure claim. This check, together with the balance of the claim, represent the total assets of decedent. On November 16, 2000, decedent opened an account with Charter One Bank and deposited the check. The signature card used to open the account bore the words "joint with survivorship," the names "George T. Johnson" and "Mona Johnson" (respondent,

decedent's daughter) and the signatures of these persons. The back of the card, which would have further identified the type of account, was left blank. The next day, November 17, 2000, decedent returned to petitioner's office to execute his last will and testament, which he had previously discussed with petitioner and, pursuant to which, he divided his estate into four equal shares, one for respondent, one for his other daughter, one for his girlfriend and one for his aunt. On November 18, 2000, decedent entered the hospital where he died on November 29, 2000. Petitioner commenced this proceeding pursuant to SCPA 2103 for a judgment ordering the proceeds of the account to be turned over to the estate. Following a nonjury trial, Surrogate's Court concluded that the evidence rebutted the presumption created by Banking Law § 675 (b), the account was, in fact, opened as a matter of convenience, and the estate was entitled to the account. Respondent now appeals.

We affirm. As this account was established in compliance with Banking Law § 675 (b), it is presumed that a joint tenancy with rights of survivorship was intended to be created by decedent (*see Matter of Stalter*, 270 AD2d 594, 595 [2000], *lv denied* 95 NY2d 760 [2000]). Further, as no claim has been made of fraud, undue influence or lack of capacity (*see* Banking Law § 675 [b]; *Matter of Camarda*, 63 AD2d 837, 838 [1978]), the issue becomes whether petitioner has "tender[ed] 'direct proof or substantial circumstantial proof, clear and convincing and sufficient to support an inference that the joint account had been opened in that form as a matter of convenience only' " (*Matter of Stalter, supra* at 596, quoting *Matter of Coddington*, 56 AD2d 697, 698 [1977]). We agree, under the circumstances of this case considered in the light of decedent's expressed testamentary disposition and the state of his health, that he did not intend to give nearly his entire estate to one daughter by creating a joint account and that such account was opened simply for the convenience of decedent.

Further, we are unpersuaded by respondent's arguments that petitioner should have been prevented from testifying by reason of the attorney-client privilege found in CPLR 4503 and by the provisions of CPLR 4519, commonly known as the Dead Man's Statute. Respondent's counsel raised the attorney-client objection when petitioner was testifying about conversations with decedent concerning the provisions to be included in his will. While respondent may be technically correct that this proceeding does not involve the probate, validity or construction of decedent's will, making the provisions of CPLR 4503 (b) inapplicable, two observations are relevant. First, the attorney-client

privilege can be waived by the executor, particularly where the assertion of the privilege works to the detriment of the estate (*see Mayorga v Tate*, 302 AD2d 11 [2002]). Second, when the issue was raised, the will had already been admitted in evidence without objection. As the only relevant purpose for the admission of the will was to establish the date of its execution and who the beneficiaries are, even if it was error to admit the conversations between petitioner and decedent, it was harmless.

Lastly, there is no merit to the CPLR 4519 objection. That section prohibits a party interested in the event from testifying as a witness in his or her own behalf, against the executor, as to a personal transaction or communication with the decedent. The obvious purpose of the statute is to protect the estate. The fact that petitioner may benefit from increased commissions as executor of the estate does not make him a person interested in a personal transaction with decedent, as against the executor.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decree is affirmed, without costs.