█ In the Matter of the Estate of Louis H. Rubin, Deceased. Robert T. Rubin, as Coexecutor of Louis H. Rubin, Deceased, Respondent; Ellen R. Briskman, as Coexecutor of Louis H. Rubin, Deceased, Appellant. (And Two Other Related Proceedings.) [815 NYS2d 793]—

Rose, J. Appeal from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered February 22, 2005, which, inter alia, approved the accounting of Robert T. Rubin.

After the death of Louis H. Rubin (hereinafter decedent) in 1993, Surrogate's Court appointed his three children to be coexecutors of his estate. Under his will, they were also the sole dis-

tributees. Decedent bequeathed enough shares of stock of his business, Troy News Company and its affiliates (hereinafter Troy News), to give a controlling interest to his son, Robert T. Rubin. Rubin, who had worked with his father in the employ of Troy News since 1960, already owned a substantial number of its shares, and was its president and chief operating officer. Decedent's will directed that his daughters, Ellen R. Briskman and Betsey Rosenbaum, as coexecutors, elect Rubin as the chief executive officer of Troy News. To each of his daughters, decedent bequeathed $2 million and his remaining shares of Troy News. In 2000, each coexecutor filed an accounting. Briskman and Rubin each objected to the other's account, with Briskman alleging that Rubin had mismanaged Troy News, was responsible for its eventual failure and should be surcharged for the loss of estate assets.

Following a nonjury trial, Surrogate's Court issued a decision and order carefully considering each of the parties' objections. The court found that decedent had conferred sole control of the operation and finances of Troy News on Rubin, Rubin invested large sums of his own money in the company and changing conditions in the wholesale periodical distribution business caused its eventual insolvency. Concluding that Briskman had not shown that Rubin's failure to obtain the consent of his coexecutors in operating Troy News, securing loans, transferring corporate funds or relinquishing its assets to a creditor constituted a breach of fiduciary duty, Surrogate's Court approved Rubin's accounting. Among other things, the court's order directed Rubin to submit an account decree, which was entered with the decision and order on February 22, 2005. Briskman now appeals from the decision and order, but not from the decree.

We agree with Rubin that the entry of the accounting decree was the equivalent of the entry of a judgment for purposes of appeal, terminating Briskman's right to seek appellate review of Surrogate's Court's nonfinal order and requiring dismissal of her appeal (*see Matter of Buchanan,* 245 AD2d 642, 643 [1997], *lv dismissed* 91 NY2d 957 [1998]; *see also Matter of Aho,* 39 NY2d 241, 248 [1976]; *Matter of Zdeb,* 215 AD2d 803, 804 [1995]). However, were we to consider its merits, we would conclude that Surrogate's Court correctly rejected Briskman's objections and accepted Rubin's accounting.

Briskman, as the party who contested Rubin's accounting, had the initial burden to show its inaccuracy or that he improperly exercised his fiduciary duty as coexecutor (*see Matter of Curtis,* 16 AD3d 725, 726-727 [2005]; *Matter of Mann,* 41

AD2d 861, 861 [1973], *lv denied* 33 NY2d 517 [1973]). Inasmuch as Rubin exercised control over Troy News as its chief executive officer, and not in his fiduciary capacity as coexecutor, the assets of Troy News should not be treated as assets of the estate (*see Matter of Brandt,* 81 AD2d 268, 276-277 [1981]), he did not need his coexecutors' consent in managing those assets (*cf.* EPTL 10-10.7), and his conduct in managing Troy News is governed by the business judgment rule (*cf. Matter of Schulman,* 165 AD2d 499, 502 [1991], *lv denied* 79 NY2d 751 [1991]). Further, decedent's will provided that his executors would incur no liability for any loss sustained in managing Troy News unless such loss was the result of "bad faith, deliberate wrong or gross neglect." Thus, Briskman was required to demonstrate self-dealing, malfeasance or waste in Rubin's operation of the business, rather than mere errors in judgment. This, Briskman failed to do. The testimony concerning the operation of Troy News established that despite Rubin's efforts to continue the business and obtain financing, industry-wide changes led to increased costs and decreased revenue. Briskman presented no evidence of actionable wrongdoing. Accordingly, the record supports the conclusion of Surrogate's Court that Rubin acted in good faith and his accounting was complete.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the appeal is dismissed, without costs.