■ In the Matter of the Estate of CAROLYN S. ROCKEFELLER, Deceased. ELLA A. RODEN, as Executor of CAROLYN S. ROCKEFELLER, Deceased, Respondent; LESLIE R. LOBB, Appellant, et al., Respondents. [843 NYS2d 732]—

Kane, J. Appeal from a decree of the Surrogate's Court of Columbia County (Czajka, S.), entered April 24, 2006, which judicially settled the final accounting of decedent's estate.

Decedent was survived by her five children. Her will appointed two of them, petitioner and respondent Leslie R. Lobb, as executors and divided the assets equally among the children, with two exceptions. The estate's primary asset was decedent's home and the surrounding real property, out of which decedent bequeathed to petitioner a .63-acre parcel and an easement over a road to petitioner's well and septic system. Lobb waived her right to serve as coexecutor and the five children agreed that major estate decisions would be decided jointly. The relationships between the children soured, resulting in animosity and the creation of two factions: Lobb, respondent Carleton R. Rehr and respondent Julia A. Dinaburg on one side and petitioner and respondent Philip H. Rockefeller on the other.

Every estate decision produced animosity and strife. Petitioner sought court approval for the sale of the majority of the real property to a third party, and the sale of a 3.39-acre parcel to herself—the parcel which contained the easement to her—for market value. After the parties reached a settlement on the fair market value of that parcel, Surrogate's Court approved the real property sales. When petitioner filed her final accounting, Lobb, Rehr and Dinaburg (hereinafter collectively referred to as the objectants) filed objections. Following a five-day trial, the court denied almost all of the objections. Accordingly, the court issued a final decree of judicial settlement which awarded petitioner a commission, charged the estate for most of the claimed counsel fees, charged the value of items of personal property against each beneficiary's share and awarded petitioner the value of two certificates of deposit (hereinafter CDs) she jointly held with decedent. Lobb appeals.

Petitioner was the owner of the CDs. Testimony of petitioner and a bank employee, as well as the signature cards and account disclosure statement, established that the CDs were joint accounts with rights of survivorship. In the absence of allegations of fraud or undue influence, this evidence created a presumption that petitioner was entitled to the balance of those accounts (*see* Banking Law § 675 [b]). Lobb failed to rebut that presumption with clear and convincing proof supporting an inference that the joint accounts were opened only as a matter of convenience (*see* Banking Law § 675 [b]; *compare Matter of Johnson*, 7 AD3d 959, 960 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Stalter*, 270 AD2d 594, 595-596 [2000], *lv denied* 95 NY2d 760 [2000]). Based on the statute, the CDs were not estate assets because they passed to petitioner upon decedent's death.

Petitioner did not breach her fiduciary duty. Initially, Surrogate's Court correctly determined that all objections related

to the sale of the estate's real property were barred by res judicata. Lobb was required to raise all objections regarding the real property contract in the prior proceeding for judicial advice and direction on that issue, and may not raise objections now even if based upon different theories (*cf. Matter of Hunter*, 4 NY3d 260, 269 [2005]). Petitioner, as the owner of property abutting decedent's property, could challenge the objectants' assertion that decedent's property had a perpetual easement over her property. The language of the deed from decedent and her husband to petitioner and her then husband reserved an easement personal to the grantors, not an easement running with the land; that easement did not survive decedent's death.

Petitioner did not violate her fiduciary duty to the estate by refusing, in her individual capacity as a property owner and neighbor, to relinquish her own property rights in favor of the estate by acknowledging or approving of a perpetual easement burdening her property when there was no deeded basis for a perpetual easement (*compare Matter of Rubin*, 30 AD3d 668, 669-670 [2006] [holding that executor's actions in his capacity as CEO of a corporation in which estate held interest were not subject to a claim that he breached a fiduciary duty to estate]; *Matter of Brandt*, 81 AD2d 268, 276-277 [1981]). She also acted properly in requesting legal advice from the estate's counsel regarding the validity of the easement, as the issue was raised by the objectants and the existence of an easement could affect the value of the estate's property.

Most of the counsel fees approved by Surrogate's Court were properly charged to the estate. Surrogate's Court is given broad discretion in its determination of compensation for an attorney who rendered legal services to an estate, subject to modification only where there was an abuse of that discretion (*see* SCPA 2110; *Matter of Guattery*, 278 AD2d 738, 739 [2000]; *Matter of Graham*, 238 AD2d 682, 686-687 [1997]).* The court here recognized that this was a fairly simple estate and the counsel fees were much larger than would be expected in an estate of this size, but the court attributed those expenses to the objectants and their actions in challenging petitioner's every move. Considering the contentious nature of these parties, it is understandable that the estate's counsel were actively and thoroughly involved in every aspect of the estate throughout the course of the estate's administration, thus increasing the legal expenses.

---

* Lobb's argument concerning 22 NYCRR 207.42 is unpreserved based upon her failure to raise it in Surrogate's Court. In any event, denial of fees for failure to timely file a report is expressly discretionary (*see* 22 NYCRR 207.42 [c]).

While the sale of real property by an executor generally does not require judicial approval, petitioner acted prudently in requesting court intervention based upon the objectants' demands and threats regarding this issue. Counsel fees related to the petition for such approval were therefore reasonable. Although the record does not include counsel's affidavit of services (*see* 22 NYCRR 207.45 [a]), the exhibit list indicates that such an exhibit was received into evidence and other information in the record satisfies the requirements of the rule. Lobb's attorney had all of the detailed bills from the estate's counsel prior to the trial and no prejudice was demonstrated due to any alleged lack of compliance with the rule.

Surrogate's Court correctly determined, and petitioner conceded, that counsel fees attributable to petitioner's potential claim against the estate for nursing services were not estate expenses, as they would benefit only petitioner and not the estate (*see Matter of Graham*, 238 AD2d at 687); those fees were eliminated from the revised final accounting approved by the court. We do agree, however, with Lobb's contention that petitioner's payment of counsel fees to her former divorce attorney did not benefit the estate and should not have been paid out of estate assets.

Lobb's remaining arguments have been reviewed and were found unpersuasive.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decree is modified, on the law, with costs to petitioner, by reversing so much thereof as approved the payment from estate assets of $678.94 to attorney Sean Lally; such amount to be paid by petitioner; and, as so modified, affirmed.