[907 NE2d 276, 879 NYS2d 363]

GOLDEN GATE YACHT CLUB, Appellant, v SOCIÉTÉ NAUTIQUE DE GENÈVE, Respondent, and CLUB NÁUTICO ESPAÑOL DE VELA, Intervenor-Respondent.

Argued February 10, 2009; decided April 2, 2009

**POINTS OF COUNSEL**

*Latham & Watkins LLP,* Washington, D.C., and New York City (*Maureen E. Mahoney* of the District of Columbia bar, admitted pro hac vice, *J. Scott Ballenger, Derek D. Smith, James V. Kearney* and *Aaron Siri* of counsel), for appellant. I. The Deed of Gift unambiguously requires a Challenger of Record to meet all conditions of eligibility at the time of its challenge. (*Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256; *New York Life Ins. & Trust Co. v Hoyt,* 161 NY 1; *Matter of Fabbri,* 2 NY2d 236; *Eidt v Eidt,* 203 NY 325; *Howard v Ingersoll,* 13 How [54 US] 381; *Marconi Wireless Tel. Co. of Am. v National Elec. Signaling Co.,* 213 F 815; *People v Keyes,* 75 NY2d 343; *Matter of Heintz v Brown,* 80 NY2d 998; *Dole v Steelworkers,* 494 US 26; *Evans v Famous Music Corp.,* 1 NY3d 452.) II. Even if arguendo the Deed of Gift were deemed ambiguous, the relevant extrinsic evidence compels a reading that requires a Challenger of Record to meet all the conditions of eligibility at the time of its challenge. (*Evans v Famous Music Corp.,* 1 NY3d 452; *Matter of Flyer,* 23 NY2d 579; *Rice v Halsey,* 156 App Div 802, 215 NY 656; *Matter of Erwin,* 277 App Div 378; *Mercury Bay Boating Club v San Diego Yacht Club,* 150 AD2d 82, 76 NY2d 256; *Matter of SCM Corp. [Fisher Park Lane Co.],* 40 NY2d 788.) III. Golden Gate Yacht Club is the legitimate Challenger of Record. (*Levitz v Robbins Music Corp.,* 17 AD2d 801; *Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256.)

*Simpson Thacher & Bartlett LLP,* New York City (*Barry R. Ostrager, Jonathan K. Youngwood, George S. Wang* and *Laura D. Murphy* of counsel), for respondent. I. Club Náutico Español de Vela is the valid Challenger of Record under the Deed of Gift. (*Uribe v Merchants Bank of N.Y.,* 91 NY2d 336; *Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872; *Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256; *Slatt v Slatt,* 64 NY2d 966; *Rodolitz v Neptune Paper Prods.,* 22 NY2d 383; *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y.,* 94 NY2d 398; *Suffolk County Water Auth. v Village of Greenport,* 21 AD3d 947.) II. Golden Gate Yacht Club cannot force a match race by submitting an invalid Notice of Challenge and boat certificate. (*Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256.)

*Debevoise & Plimpton LLP,* New York City (*David W. Rivkin, Jeremy Feigelson* and *Catherine M. Doll* of counsel), for intervenor-respondent. The Appellate Division correctly held that Club Náutico Español de Vela is a qualified Challenger of Record under the Deed of Gift. (*Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256; *Popkin v Security Mut. Ins. Co. of N.Y.,* 48 AD2d 46; *Geigle v Flacke,* 768 F2d 259; *Washington Mut. Fin. Group, LLC v Bailey,* 364 F3d 260; *Shearson/American Express Inc. v McMahon,* 482 US 220; *Mitsubishi Motors Corp. v Soler Chrysler-Plymouth, Inc.,* 473 US 614.)

*Carter Ledyard & Milburn LLP,* New York City (*Jeffrey Boxer, Vincent Monte-Sano* and *Laura Anne Reeds* of counsel), for New York Yacht Club, amicus curiae. Club Náutico Español de Vela did not meet the qualifications in the Deed of Gift at the time of its challenge and is therefore ineligible to act as Challenger of Record.

*Sheppard, Mullin, Richter & Hampton LLP,* New York City (*Elizabeth M. Rotenberg-Schwartz* of counsel), for San Diego Yacht Club Sailing Foundation and another, amici curiae. In the interests of national and international sailing and its dedicated participants throughout the world, the appeal of Golden Gate Yacht Club must be granted and the decision of the Appellate Division must be reversed.

*Troutman Sanders LLP,* San Diego, California, and New York

City (*Roy Morrow Bell, Aurora Cassirer* and *Stephen G. Rinehart* of counsel), for William I. Koch, amicus curiae. The Appellate Division decision not only conflicts with the intent of the donors and the plain language of the Deed of Gift, but the practical result of its decision would forever change the America's Cup from a competitive and prestigious match between the most prominent members of the sailing community to an unfair and degrading race unjustly dominated by Société Nautique de Genève.

*Menz Bonner & Komar LLP,* New York City (*John R. Menz* and *Patrick D. Bonner, Jr.,* of counsel), for Team French Spirit and others, amici curiae. The trial court's erroneous interpretation of the Deed of Gift will seriously undermine competition for the America's Cup.

*Menz Bonner & Komar LLP,* New York City (*John R. Menz* and *Patrick D. Bonner, Jr.,* of counsel), for Deutscher Challenger Yacht Club and others, amici curiae. This Court should affirm the Appellate Division's order.

*Friedman Kaplan Seiler & Adelman LLP,* New York City (*Lance J. Gotko* of counsel), for Reale Yacht Club Canottieri Savoia and another, amici curiae. I. The manipulations of Société Nautique de Genève and its captive "challenger" violate the Deed of Gift's core mandate that the America's Cup be a *challenge* cup. II. Club Nautico Español de Vela was not qualified to be a Challenger of Record because it was not an "*organized* yacht club . . . , having for its *annual* regatta an ocean water course on the sea, or on an arm of the sea, or one which combines both." (*Bailey v Fish & Neave,* 8 NY3d 523; *Matter of Margolin,* 259 AD2d 396.)

*Meiselman, Denlea, Packman, Carton & Eberz P.C.,* White Plains (*Christine M. Ford* of counsel), for City of Valencia, Spain, amicus curiae. The most desirable thing is that the 33rd America's Cup be held in the city with the greatest number of participants possible.

## OPINION OF THE COURT

Ciparick, J.

This appeal involves the preeminent international sailing regatta and match race, the America's Cup. We had occasion once before to examine the charitable trust that governs the competition. In *Mercury Bay Boating Club v San Diego Yacht*

*Club* (76 NY2d 256 [1990]), we strictly construed the provisions of the trust instrument, the Deed of Gift, to allow multihulled vessels to compete in the America's Cup race. Today, we are called upon to reexamine the Deed of Gift to determine the eligibility criteria for a Challenger of Record—specifically whether the phrase "having for its annual regatta" requires a yacht club to hold an annual regatta on the sea prior to issuing its challenge (Deed of Gift, Oct. 24, 1887, ¶ 4). We conclude that it does.

The story of the America's Cup begins on August 22, 1851, after the schooner yacht, *America,* entered a race against British sailing vessels around the Isle of Wight, winning a large silver cup. In honor of the winning boat, the trophy was christened the "America's Cup," which became the corpus of a charitable trust created under the laws of New York and donated pursuant to a Deed of Gift to the New York Yacht Club in 1857. The Deed of Gift establishes the rules governing the America's Cup and provides that the holder of the Cup becomes its sole trustee and is succeeded only by a successful challenger in a race at sea. The original Deed of Gift required only that the challenger be an "organized" yacht club.

During the first 30 years after its inception, problems arose with the administration of the competition. As a result, the America's Cup was twice returned to George L. Schuyler, the sole-surviving donor, after two disappointing America's Cup races were sailed by Canadian Great Lakes yacht clubs under the command of Captain Alexander Cuthbert. Neither of the challenging vessels could withstand the rigors of open sea competition. The *Countess of Dufferin,* the first challenging vessel, was described as having "fresh water written all over her . . . [h]er hull lacked finish, being as rough as a nutmeg grater . . . and she had little of the shipshape appearance expected of a cup challenger."[1] The *Atalanta,* the second challenging vessel, was also denounced by critics as being "a new yacht, hastily built, totally untried, and miserably equipped."[2] To deal with this "unseaworthiness" issue, Schuyler amended the Deed of Gift with the intent of precluding Great Lakes yacht clubs from competing and reconveyed the America's Cup to the New York Yacht Club to hold in trust. In addition to requiring that a

---

**1.** Winfield M. Thompson and Thomas W. Lawson, The Lawson History of the America's Cup: A Record of Fifty Years, at 78 (Ashford Press Publishing, Southampton 1986) (internal quotation marks omitted).

**2.** *Id.* at 88.

challenger be an "organized" yacht club, the amended Deed of Gift, dated October 24, 1887, added new eligibility requirements that a challenger must meet, including that it be "incorporated, patented, or licensed by the legislature, admiralty, or other executive department, having for its annual regatta an ocean water course" (Deed of Gift, Oct. 24, 1887, ¶ 4). The Deed further provides that the Cup "shall be preserved as a perpetual Challenge Cup for friendly competition between foreign countries."[3]

The Cup has been defended 32 times and it is the events that occurred after the conclusion of the 32nd America's Cup held on July 3, 2007, in Valencia, Spain, which give rise to this appeal. Société Nautique de Genève (SNG)[4] won the Cup on March 2, 2003 in the 31st America's Cup match and successfully defended its right to continue as trustee of the America's Cup in the July 3, 2007 race. Club Náutico Español de Vela (CNEV),[5] on that very same day, submitted a Notice of Challenge to SNG for the 33rd America's Cup, which was accepted.

The Deed of Gift provides that once a Defender accepts a challenge, the two yacht clubs may negotiate and set the conditions of the next America's Cup competition through their mutual consent. Although not named as such by the Deed of Gift, the sailing community refers to the resulting agreement as the "protocol" and the challenging yacht club with the right to negotiate the protocol is called the Challenger of Record. Since 1970, other yacht clubs that wish to compete in the America's Cup have been allowed to participate in the race when the Defender and the Challenger of Record agree to such an arrangement and provide in their protocol for such participation. Traditionally, challengers that are allowed to participate based upon the mutual agreement of the Defender and the Challenger of Record pursuant to their resulting protocol are known as Mutual Consent Challengers. However, should the Defender and the Challenger of Record fail to reach an agreement as to the terms under which they will race, the Deed of Gift contains a default match provision for a one-on-one race between the Defender and the Challenger of Record.

On July 5, 2007, SNG as the Defender and CNEV as Challenger of Record published a protocol for the 33rd America's

---

3. The Deed has been amended twice by orders of the Supreme Court, New York County, dated December 17, 1956 and April 5, 1985.

4. SNG is a yacht club organized under the laws of Switzerland.

5. CNEV is a Spanish yacht club formed by the members of the Real Federación Española de Vela (RFEV), a Spanish sailing federation, in June 2007.

Cup setting forth the conditions of the competition that includes an arbitration provision to resolve disputes. On July 11, 2007, plaintiff Golden Gate Yacht Club (GGYC),[6] disputing the validity of CNEV's challenge, primarily on the basis that CNEV was not a bona fide yacht club—formed only a few days before submitting its challenge—and had never held an annual regatta, presented its own Notice of Challenge. SNG rejected GGYC's challenge on the basis that CNEV's challenge was first in time and since CNEV's challenge had already been accepted, no other challenge could be considered until after CNEV's challenge had been decided.

On July 20, 2007, SNG, seeking to resolve the validity of CNEV's challenge, initiated an arbitration proceeding pursuant to the dispute resolution mechanism provided for in the 33rd protocol. The 33rd America's Cup Arbitration Panel invited GGYC to participate in the arbitration. GGYC rejected the invitation and commenced this present litigation because it could participate in the arbitration only by agreeing to the protocol, thereby exposing itself to possible disqualification at SNG's sole discretion. The Arbitration Panel ultimately found that the Deed of Gift does not require a challenging club to have held an annual regatta prior to issuing its Notice of Challenge and therefore CNEV's Notice of Challenge was valid. All parties concede that the arbitration decision is not binding upon us.

In the present action, GGYC alleges that SNG breached the Deed of Gift and its fiduciary duty as trustee by accepting CNEV's challenge because CNEV failed to comply with the challenger eligibility criteria set forth in the Deed of Gift since CNEV was not an organized yacht club and had never conducted an annual regatta.[7] Both sides moved for summary judgment. Although Supreme Court dismissed GGYC's breach of fiduciary duty claim, it declared that the Notice of Challenge issued by CNEV was indeed invalid because CNEV failed to meet the Deed of Gift's eligibility requirements as it had not held an annual regatta on an ocean water course prior to submitting its Notice of Challenge to SNG. Supreme Court, strictly interpreting the Deed of Gift, declared GGYC to be the Challenger of Record. A divided Appellate Division reversed, holding the language of the Deed to be ambiguous

---

6. GGYC is a yacht club incorporated in the state of California.
7. CNEV was allowed to intervene in this action.

and declaring the Notice of Challenge issued by CNEV valid, and CNEV the rightful Challenger of Record (55 AD3d 26 [2008]). GGYC appealed pursuant to CPLR 5601 (a) dissent grounds and we now reverse.

In *Mercury Bay*, where we resolved a dispute regarding a type of vessel that arose relating to the 27th America's Cup match, we stated that

> "[l]ong-settled rules of construction preclude an attempt to divine a settlor's intention by looking first to extrinsic evidence. Rather, the trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself. It is only where the court determines the words of the trust instrument to be ambiguous that it may properly resort to extrinsic evidence" (76 NY2d at 267 [citations omitted]).

The relevant provisions of the Deed of Gift to be construed here at paragraph 4 provide that

> "[a]ny organized Yacht Club of a foreign country, incorporated, patented, or licensed by the legislature, admiralty, or other executive department, having for its annual regatta an ocean water course on the sea, or on an arm of the sea, or one which combines both, shall always be entitled to the right of sailing a match for this Cup."

The Deed, in paragraph 10, further provides that "when a challenge from a Club fulfilling all the conditions required by this instrument has been received, no other challenge can be considered until the pending event has been decided." Finally, paragraph 11 of the Deed states that the trustee "hereby covenants and agrees . . . that it will faithfully and fully see that the foregoing conditions are fully observed and complied with by any contestant."

Thus, to comply with the eligibility requirements as outlined by the Deed, a challenger must be (1) an organized yacht club, (2) foreign, in that it is not of the same country as the trustee yacht club, (3) incorporated in its local jurisdiction or officially recognized either through a license or patent from its government, (4) and "having for its annual regatta an ocean water course on the sea, or on an arm of the sea, or one which

combines both." It is the last requirement that divided the court below[8] in light of the fact that CNEV had not held an annual regatta on the sea prior to submitting its Notice of Challenge. It is undisputed that the Defender has the obligation to address a challenge only when the challenger is a "Club fulfilling all the conditions required" (Deed of Gift, Oct. 24, 1887, ¶ 10). When such a challenge occurs, all other challenges are foreclosed.

As we stated in *W.W.W. Assoc. v Giancontieri* (77 NY2d 157, 162 [1990]), "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing." The Appellate Division majority deemed the phrase, "having for its annual regatta," ambiguous and therefore found it appropriate to glean the settlor's intention as to the meaning and purpose of this phrase by looking to extrinsic evidence. We disagree and find the phrase to be unambiguous. As we did in *Mercury Bay*, we must first examine the plain language of the Deed of Gift and determine, as a matter of law, whether the language can be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself.

In looking at the plain language of the Deed of Gift itself, as we must, we first note that the annual regatta requirement is only one of a list of eligibility requirements set forth in the Deed of Gift. The settlor clearly placed the requirements of "organized" and "incorporated, patented, or licensed" in the past and intended that a challenger would continue to meet these eligibility requirements in the present and future. For example, the term "incorporated" refers both to a past event of incorporation and to a continuing status. We believe that the settlor intended the same to be true for the "annual" regatta requirement. By using the word "annual," the settlor suggested an event that has already occurred at least once and will occur regularly in the future. Taken as a whole, we conclude that the settlor intended to link the annual regatta requirement to the other eligibility requirements in that the challenging yacht club has in the past and will continue in the future "having" an

---

8. Supreme Court did not decide the question of whether CNEV was "organized" under the Deed and it is not necessary for us to reach this issue to resolve this appeal.

annual regatta on the sea. Any other interpretation would render the annual regatta requirement a nullity.[9]

The settlor clearly intended that for a challenging yacht club to be within the eligibility requirements, it must have held at least one qualifying annual regatta before it submits its Notice of Challenge to a Defender and demonstrate that it will continue to have qualifying annual regattas on an ongoing basis. Thus, SNG is wrong in its claim that the regatta requirement can be satisfied by race time rather than at the time of challenge. We conclude there is no ambiguity as to the annual regatta clause at issue. When read in the context of the entire Deed of Gift, the challenger must demonstrate that its Notice of Challenge "fulfill[s] all the conditions required" (Deed of Gift, Oct. 24, 1887, ¶ 10) at the time it submits its challenge.

SNG and CNEV assert that the existing practice among Defenders and Challengers of Record to allow Mutual Consent Challengers to participate in the America's Cup, even without having held an open sea course regatta, is evidence that the settlor intended that a challenging yacht club is not required to have held a regatta on the open sea prior to issuing its Notice of Challenge. This assertion has no merit because the plain language of the Deed of Gift itself forecloses such an illogical conclusion. Even if the language of the Deed of Gift were ambiguous, evidence of these practices would not qualify as extrinsic evidence of the settlor's intent in 1887 as these practices emerged much later. Thus, the decision of the Defender and the Challenger of Record to waive the eligibility requirements for yacht clubs seeking to participate as Mutual Consent Challengers has no bearing on whether a yacht club seeking to establish itself as the Challenger of Record must meet the requirements imposed by the Deed of Gift itself.

Since CNEV has failed to show that at the time it submitted its Notice of Challenge it was a "[c]lub fulfilling all the conditions required by" the Deed of Gift, it does not qualify as the Challenger of Record for the 33rd America's Cup competition and Supreme Court was correct in declaring GGYC to be the valid Challenger of Record.

It has been posited that the right to act as trustee of the America's Cup should be decided on the water and not in a

---

9. The fact that CNEV has since held two ocean course regattas, one in November 2007 and a second in November 2008, is of no moment since none had been held in July 2007 prior to CNEV submitting its Notice of Challenge to SNG.

courtroom. We wholeheartedly agree. It falls now to SNG and GGYC to work together to maintain this noble sailing tradition as "a perpetual Challenge Cup for friendly competition between foreign countries" (Deed of Gift, Oct. 24, 1887, ¶ 3).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the orders of Supreme Court reinstated.

Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order reversed, etc.