■ In the Matter of the MALONE FAMILY TRUST. JAMES R. MURLEY, JR., as Successor Trustee of the MALONE FAMILY TRUST, Appellant; CAROL J. CARTWRIGHT et al., Respondents. [913 NYS2d 787]—Lahtinen, J. Appeal from an order of the Surrogate's Court of Albany County (Doyle, S.), entered January 6, 2010, which granted respondents' motion for partial summary judgment declaring certain real property to be an asset of the Malone Family Trust.

The principal issue on appeal is whether real property located at 30 Brookman Avenue in the Town of Bethlehem, Albany County is an asset of the Malone Family Trust. In May 1994, before the trust was created, Clara Malone (hereinafter decedent) transferred her home on Lehner Road in the Town of Guilderland, Albany County to one of her daughters, respondent Carol J. Cartwright, expressly reserving a life estate to herself. Several months later, in August 1994, Cartwright cre-

ated the subject irrevocable trust, which, among other things, was designed to supplement (rather than supplant) government benefits for decedent and which prohibited decedent from accessing the trust principal. In addition to assets from bank accounts, Cartwright transferred her recently acquired interest in the Lehner Road property into the trust, specifically acknowledging in the deed that the transfer was subject to decedent's life estate.

Approximately four years later, a corporation reportedly approached decedent and made a lucrative offer of $300,000 to purchase the Lehner Road property. In June 1998, the property was sold to the corporation. The trustees—Cartwright and her sister, respondent Beverly A. Miller—conveyed the trust's interest in the property and, by separate deed, decedent transferred her life estate. While there are some minor discrepancies in the record regarding the exact allocation of the $300,000, the transfer tax paid reflects that the trust received $184,000 for its interest and decedent received $116,000 for her life estate. Immediately thereafter, decedent used some of her proceeds from the sale to purchase the currently disputed property on Brookman Avenue for $82,000.

The deed to the Brookman Avenue home originally included Cartwright and Miller as joint tenants. However, within a matter of months, another deed was executed in January 1999 in which Cartwright, Miller and decedent transferred the property solely to decedent. Also in January 1999, Cartwright and Miller resigned as trustees. By March 1999, petitioner, decedent's grandson, had been appointed trustee of the Malone Family Trust. In July 1999, decedent transferred the Brookman Avenue property to petitioner, reserving for herself a life estate. Decedent died in September 2006. Respondents, the surviving residual beneficiaries of the trust, objected when petitioner omitted the Brookman Avenue property from the trust accounting. Surrogate's Court eventually granted respondents' motion for partial summary judgment declaring that such property was a trust asset. Petitioner appeals.

We reverse. Since the language of the trust and relevant deeds are unambiguous, there is no reason to consider extrinsic evidence (*see Golden Gate Yacht Club v Société Nautique de Genève*, 12 NY3d 248, 255 [2009]; *Spencer v Connolly*, 25 AD3d 832, 834 [2006]). Moreover, there is no factual dispute regarding the chronology of pertinent events. Simply stated, decedent's life estate in the Lehner Road property was never transferred to the trust. The trust was created after decedent had carved out her life estate and, although Cartwright transferred her interest

in the Lehner Road property to the trust, she did not have power to transfer decedent's life estate, and that interest was not placed in the trust. Thus, decedent's life estate never became an asset of the trust. Decedent derived funds from the sale of that life estate, some of which she used to purchase the Brookman Avenue property in June 1998. The Brookman Avenue property was not at that time or any subsequent time placed in the trust. By January 1999, decedent was the sole owner of the Brookman Avenue property and, thereafter, in July 1999, she transferred that property to petitioner. She reserved only a life estate, which expired when she died about seven years later. The Brookman Avenue property is legally owned by petitioner, not the trust. Respondents' motion should have been denied.

Cardona, P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that order is reversed, on the law, with costs, and motion denied.