Matter of Hoover (2020 NY Slip Op 02148)





Matter of Hoover


2020 NY Slip Op 02148


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528998

[*1]In the Matter of the Trust Made by Renee M. Hoover and George D. Fowler. Renee M. Hoover, as Grantor and Trustee of the Trust Made by Renee M. Hoover and George D. Fowler, Respondent; George D. Fowler II, Individually, as Trustee and as Executor of the Estate of George D. Fowler, Deceased. Appellant, et al., Respondents. (And Another Related Proceeding.)

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Parisi, Coan & Saccocio, PLLC, Schenectady (Gerard F. Parisi of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (William S. Nolan of counsel), for respondent.



Egan Jr., J.
Appeal from an order and decree of the Surrogate's Court of Essex County (Meyer, S.), entered November 7, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to SCPA 2107, for advice and direction regarding certain real property.
In April 2016, petitioner and George D. Fowler (hereinafter decedent) purchased an approximately 23-acre parcel of land, located on Owls Head Lane in the Town of Keene, Essex County, as tenants in common. In July 2016, petitioner and decedent contracted with Upstate Builders LLC to construct a single-family home on the property (hereinafter the Keene property). That same month, petitioner and decedent executed a trust agreement naming themselves as grantors and cotrustees of the trust for the purpose of administering and maintaining the Keene property as well as "determin[ing] the rights and claims that will accrue to each of them during the term of this trust and to their respective beneficiaries thereafter."[FN1] As set forth in the trust agreement, decedent and petitioner agreed that decedent would initially obtain an 85% ownership interest in the trust and petitioner would initially obtain a 15% ownership interest, subject to annual amendment by the grantors "for the purpose of reflecting future capital contributions to the trust." Petitioner and decedent then transferred title of the Keene property to the trust. Decedent thereafter sold his home in Vermont for the purpose of obtaining the initial funds necessary to commence construction on the Keene property and petitioner and decedent subsequently secured a $90,000 construction loan from Community Bank in order to pay for the remaining construction costs after the funds that decedent initially allocated were exhausted.[FN2]
On December 6, 2017, prior to completion of construction of the Keene property, decedent died unexpectedly. Respondent George D. Fowler II (hereinafter respondent), one of decedent's sons, was named as both executor of decedent's estate and cotrustee of the trust. On January 11, 2018, respondent directed Upstate Builders to cease construction on the Keene property pending an agreement between respondent and petitioner as to how the remaining construction costs would be funded in light of decedent's death.[FN3] On January 19, 2018, Community Bank withdrew from the loan agreement with petitioner and decedent, without having disbursed any loan proceeds. In February 2018, in an effort to have Upstate Builders continue construction, petitioner paid it 15% of the remaining costs necessary to complete construction; however, respondent refused to expend any additional funds from decedent's estate to fund its 85% apportioned share of the remaining costs.[FN4] Subsequent negotiations between petitioner and respondent with respect to how to continue with construction and their respective rights and responsibilities as cotrustees with regard thereto failed to result in any agreement.
Petitioner thereafter commenced this proceeding pursuant to SCPA 2107 to obtain, among other things, approval to sell the Keene property and advice and direction on how to appropriately distribute the proceeds from the sale. In response, respondent cross-petitioned for similar relief. Surrogate's Court determined that the terms of the trust agreement were unambiguous and that, pursuant to its own terms, it became irrevocable upon decedent's death. Given the express purpose of the trust, Surrogate's Court directed decedent's estate to pay 85% of the remaining construction costs should petitioner declare her willingness to reside at the Keene property. The court further indicated that, by refusing to pay the costs associated with completion of the Keene property, respondent breached the terms of the construction contract with Upstate Builders and his fiduciary duties to the trust. Respondent appeals.
Initially, respondent's contention that petitioner failed to demonstrate the requisite extraordinary circumstances to prevail on a petition pursuant to SCPA 2107 is not preserved for our review as he failed to raise this issue before Surrogate's Court (see Matter of Sheppard, 129 AD3d 1127, 1128 [2015]). Respondent also waived any entitlement that he may have had to a hearing on the subject petitions as he failed to request any such hearing before Surrogate's Court, raising this issue for the first time on appeal (see Matter of Sheppard, 147 AD3d 1239, 1241 [2017]; cf. Matter of Palma, 17 AD3d 817, 818 [2005]).
We find unavailing respondent's contention that the terms of the trust were ambiguous or that the express terms thereof otherwise excused him, as costrustee of the trust, from making monetary contributions towards the construction costs for the Keene property. To that end, "[i]t is well settled that a trust agreement is to be construed as written and the grantor's intention determined solely from the unambiguous language of the instrument itself" (Matter of Joan Moran Trust, 166 AD3d 1176, 1178 [2018] [internal quotation marks, brackets and citations omitted]; see Golden Gate Yacht Club v SociÉtÉ Nautique De GenÈve, 12 NY3d 248, 255 [2009]; Matter of Rich, 117 AD3d 1103, 1106 [2014]). Where the language of the trust provisions is unambiguous, a court need not consider extrinsic evidence to ascertain the grantor's intent (see Matter of Malone Family Trust [Murley—Cartwright], 79 AD3d 1214, 1215 [2010]).
Here, Article First of the trust agreement expressly states that "[t]he [t]rust is to take title to [the Keene property] . . . with the buildings and improvements thereon erected" so that petitioner and decedent "shall have the exclusive right to live, inhabit and enjoy the [Keene p]roperty during their lifetime." The trust further provides that should one or both of the grantors die, the trust would become irrevocable and no longer subject to amendment or revocation. While it did direct that, in the event of the deaths of both petitioner and decedent, the successor trustees were to sell the property and distribute the proceeds thereof to the remainder beneficiaries, it also directed that, in the event of the death of one of the grantors, the trust provisions were to be "carried out even if all the beneficiaries hereunder at any time express a desire to terminate" the trust.[FN5] Thus, a plain language reading of the relevant trust provisions, which became irrevocable upon decedent's death, unambiguously provide that it was the grantors' intent for the surviving grantor — herein petitioner — to live, inhabit and enjoy the property for the rest of her lifetime, which necessarily required completion of construction of the Keene property in order to fulfill the very purpose of the trust.[FN6]
Contrary to respondent's assertion, the decision of whether to contribute additional capital contributions to fund construction was not a discretionary determination, as there is nothing in the record demonstrating that, as of January 11, 2018 when respondent unilaterally elected to discontinue construction, the trust had insufficient funds to continue funding construction at that time. These additional contributions, moreover, were not necessary to fund carrying costs or administrative costs, as provided for in the trust, but were required to effectuate the trust's very purpose — building a home for the grantors or surviving grantor to live, inhabit and enjoy during their lifetime. Accordingly, under the circumstances, we find no error in Surrogate's Court's determination advising and directing respondent to pay the costs necessary to complete construction of the Keene property.
Although respondent argues that it was error for Surrogate's Court to further determine that he breached both the terms of the construction contract with Upstate Builders as well as his fiduciary duties to the trust, to the extent that the court's findings in these regards were not essential to the primary issue to be resolved — i.e., whether the trust was ambiguous with regard to whether additional monetary contributions by decedent's estate were required to fund construction — the court's findings were dicta and, therefore, said issues are not properly before us, as respondent's "disagreement with dicta does not provide a basis to take an appeal" (Matter of FMC Corp. v New York State Dept. of Envtl. Conservation, 151 AD3d 1416, 1417 [2017]; accord Matter of Kosmo Family Trust [Wieland—Savino], 176 AD3d 1465, 1467 [2019]; Matter of Doe v Rensselaer Polytechnic Inst., 172 AD3d 1691, 1692 [2019]). Finally, although Surrogate's Court did not address the issue of carrying costs for the Keene property during the period that construction remains pending — despite said issue arguably having been raised by the parties in their respective petitions — we note that there is a motion presently pending before Surrogate's Court regarding this very issue. Accordingly, we decline to address the merits thereof on this appeal.[FN7] Respondent's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order and decree is affirmed, with costs.



Footnotes

Footnote 1: Petitioner and decedent were engaged to be married, with petitioner having three adult children and decedent having two adult children all from prior marriages. The children of both petitioner and decedent were named as remainder beneficiaries in the trust.

Footnote 2: Following the sale of his Vermont home, decedent moved into petitioner's home in Pennsylvania. Upon completion of construction, petitioner and decedent intended on moving to the Keene property whereupon the $90,000 construction loan was intended to be paid from the proceeds of the sale of petitioner's home.

Footnote 3: Following this directive, Upstate Builders informed the parties that it would not continue with construction of the home without an agreement between petitioner and respondent regarding completion of the project and final payment arrangements.

Footnote 4: Although petitioner paid only $13,500 towards the remaining construction costs for the Keene property, representing less than her 15% ownership share, the parties agree that she has since contributed additional funds equivalent to her 15% share of the original remaining construction costs.

Footnote 5: Petitioner and decedent, as grantors, also included within the trust a hypothetical example of what was to happen in the event that decedent predeceased petitioner, specifically providing that, if "[decedent] dies during the term of this [t]rust leaving [petitioner] as surviving lifetime beneficiary[,] [petitioner] continues to pay for the upkeep and carrying costs associated therewith."

Footnote 6: Importantly, it was respondent's conduct in withholding previously prepositioned funds dedicated to the construction of the Keene property and his unilateral decision to have Upstate Builders cease construction that prevented the home from being timely completed.

Footnote 7: At oral argument, petitioner conceded that, once construction of the Keene property is completed and her life estate therein commences, she is thereafter unilaterally responsible for the carrying costs for the property.