Matter of Badruddin (2023 NY Slip Op 02563)

Matter of Badruddin

2023 NY Slip Op 02563

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

530245 
[*1]In the Matter of the Estate of Mohamed K. Badruddin, Deceased. Yasmin Koolsam Badruddin, Respondent; Yasmin Nurani Kaderali Badruddin et al., Appellants. (Proceeding No. 1.)
In the Matter of the Estate of Mohamed K. Badruddin, Deceased. Leila Reynolds, Respondent; Yasmin Nurani Kaderali Badruddin et al., Appellants. (Proceeding No. 2.)
In the Matter of the Estate of Mohamed K. Badruddin, Deceased. Robert H. Hafner, as Special Administrator of the Estate of Mohamed K. Badruddin, Deceased, Respondent; Yasmin Nurani Kaderali Badruddin et al., Appellants, and Yasmin Koolsam Badruddin, Respondent. (Proceeding No. 3.)

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Yasmin Nurani Kaderali Badruddin, Queensbury, appellant pro se.
Salimah Badruddin, Queensbury, appellant pro se.
Zahara Badruddin, Queensbury, appellant pro se.
Elmen Law Firm PC, Glens Falls (Lawrence Elmen of counsel), for Yasmin Koolsam Badruddin, respondent.
Leila Reynolds, Fultonville, respondent pro se.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for Robert H. Hafner, respondent.

Fisher, J.
Appeals (1) from an order of the Surrogate's Court of Warren County (John S. Hall Jr., S.), entered April 15, 2019, which granted petitioner's application, in proceeding No. 2 pursuant to SCPA article 21, for an award of counsel fees, (2) from an order of said court, entered November 18, 2019, which, among other things, in proceeding No. 3 pursuant to SCPA article 22, partially dismissed respondents' objections to an accounting of decedent's estate, and (3) from an order of said court, entered January 6, 2020, which, in proceeding No. 1 pursuant to, among other things, SCPA article 14, denied respondents' motion to renew.
The facts of this matter are familiar to this Court, having been the subject of a prior appeal (152 AD3d 1010 [3d Dept 2017], lv dismissed 30 NY3d 1080 [2018]). Insofar as relevant here, Mohamed K. Badruddin (hereinafter decedent) and Yasmin Koolsam Badruddin (hereinafter Koolsam) were married in Kenya in 1970. Decedent emigrated to the United States, initially acknowledging in naturalization documents that he and Koolsam were married, but subsequently indicated that they had been divorced in Kenya. Decedent married respondent Yasmin Nurani Kaderali Badruddin (hereinafter Nurani) in 1984 and they had two daughters together, respondents Salimah Badruddin and Zahara Badruddin (hereinafter collectively referred to as the daughters). Decedent died in May 2007, leaving a will that named "[his] wife, Yasmin K. Badruddin" as the sole beneficiary and executor of his estate. Thereafter, Nurani petitioned to admit that will to probate and for letters testamentary, which was granted by Surrogate's Court.
In 2013, Koolsam commenced proceeding No. 1 claiming that she was never divorced from decedent and sought to exercise her elective share of the estate and to revoke Nurani's letters testamentary. Nurani moved to dismiss the petition based upon, among other things, the authenticity and validity of the Kenyan marital documents. Such motion was opposed by Koolsam and ultimately denied by Surrogate's Court. In October 2014, following several instances where Nurani had disobeyed multiple court orders, Nurani's letters testamentary were revoked and she was removed as the executor of the estate, resulting in the appointment of petitioner Robert H. Hafner as the special administrator of the estate. Less than a month later, Nurani and Koolsam entered into a so-ordered stipulation, whereby they agreed that Koolsam would be treated as decedent's surviving spouse for the purpose of exercising her right to the elective share and Nurani would be designated as a sole beneficiary under decedent's will.
Thereafter, Nurani and the daughters retained a new attorney, petitioner Leila Reynolds, and filed an order to show cause seeking, among other things, to set aside the stipulation and to renew and/or reopen Nurani's motion to dismiss Koolsam's claim to an elective share. Koolsam opposed such application, which was denied by Surrogate's Court. Nurani appealed [*2]such denial and this Court affirmed the order (id. at 1014-1015). In October 2019, Nurani and the daughters moved to renew their motion to dismiss, again challenging the validity of the marriage between Koolsam and decedent on several grounds, including as it relates to the authenticity of the marital documents between Koolsam and decedent. Surrogate's Court denied the motion in January 2020, finding that such motion was not based on newly discovered facts. Nurani and the daughters appeal the denial of their motion to renew.[FN1]
We affirm. A motion for leave to renew is governed by CPLR 2221 (e), which provides that such application "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (see Weaver v Weaver, 198 AD3d 1140, 1143 [3d Dept 2021]). In our review, "the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion" (Matter of Piacente v DiNapoli, 198 AD3d 1026, 1027 [3d Dept 2021] [internal quotation marks and citations omitted]). Here, Nurani and the daughters failed to identify new facts establishing that Koolsam was not entitled to her elective share. Their proffer of the marriage certificate and attendant arguments are nearly identical to those that were raised and rejected by Surrogate's Court in the denial of Nurani's motion to dismiss. Such motion to renew also does not provide a reasonable justification for failing to offer the purportedly new facts in the original motion to dismiss or demonstrate how they change the prior determination (see Delosh v Amyot, 206 AD3d 1194, 1195 [3d Dept 2022]; Wright v State of New York, 192 AD3d 1277, 1278-1279 [3d Dept 2021]).
To the further extent that Nurani and the daughters seek to set aside the 2014 stipulation in their motion to renew, they are barred from asserting these same arguments as this Court has previously reviewed Surrogate's Court's refusal to set aside the stipulation and affirmed same (see Matter of Badruddin, 152 AD3d at 1013; see also Maki v Basset Healthcare, 141 AD3d 979, 981 [3d Dept 2016], appeal dismissed, lv dismissed & lv denied 28 NY3d 1130 [2017]). Accordingly, we discern no abuse of discretion in Surrogate's Court's denial of the motion to renew (see Matter of Piacente v DiNapoli, 198 AD3d at 1027-1028; see also Weaver v Weaver, 198 AD3d at 1143). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the appeals from the orders entered April 15, 2019 and November 18, 2019 are dismissed, with one bill of costs.
ORDERED that the order entered January 6, 2020 is affirmed, with one bill of costs.

Footnotes

Footnote 1: Nurani and the daughters' appeals from two additional orders must be dismissed. First, their appeal from an April 2019 order, which awarded Reynolds counsel fees pursuant to SCPA 2110 in proceeding No. 2, is not preserved for our review because Nurani and the daughters failed to timely object to the fee application before Surrogate's Court — despite also participating in the two hearings on such issue (see Matter of Hoover, 182 AD3d 685, 687-688 [3d Dept 2020]; compare Yezzi v Small, 206 AD3d 1472, 1477 [3d Dept 2022]). Second, their right to appeal from a nonfinal November 2019 order, which initially awarded Hafner commissions in proceeding No. 3, was terminated when Surrogate's Court issued a subsequent and final accounting decree in March 2020 (see Matter of Rubin, 30 AD3d 668, 669 [3d Dept 2006]; see also Prendergast v Swiencicky, 183 AD3d 945, 946 n 1 [3d Dept 2020], lv denied 36 NY3d 944 [2020]).